Gipson *et al. v.* Heath *et al.*

Filed Oct. 17, 1884.

———————

No. 11,101.

GIPSON ET AL. *v.* HEATH ET AL.

INSTRUCTIONS.—*Evidence.*—*Presumption.*—Where the evidence is not in the record, it will be presumed in the Supreme Court that instructions refused were not applicable.

SAME.—*Record.*—Instructions can only be brought into the record in the mode provided by statute, or by bill of exceptions.

FREE TURNPIKES.—*Change of Route.*—In establishing free turnpikes under the statute, R. S. 1881, section 5091, *et seq.*, the line of the old road may be departed from, for the purpose of straightening or improving the route as public utility and convenience may require, and in such case and for this purpose the change of line may be made even for a long distance.

SAME.—*County Commissioners.*—*Special Sessions.*—*Notice.*—*Appeal.*—*Transcript.*—On appeal in such case from the county commissioners, where their proceedings were at a special session, the notice of the auditor convening the session is not a necessary part of the record, nor need the record show how the commissioners were convened.

SAME.—It is immaterial in such case that in the transcript the notice of the petition does not appear until after the viewers' report, if the notice itself was correct in form and time; and where the notice states the petition to be for a free gravel road, it sufficiently describes the kind of improvement proposed.

From the Tippecanoe Circuit Court.

*R. P. Davidson, J. C. Davidson* and *W. D. Wallace,* for appellants.

*M. Jones, J. L. Miller* and *W. F. Severson,* for appellees.

BLACK, C.—The appellees presented their petition to the board of commissioners of Tippecanoe county for the location and construction of a free gravel road in said county, pursuant to the act of March 3d, 1877, R. S. 1881, section 5091, *et seq.*; and a bond conditioned for the payment of the expenses of the preliminary survey and report, if the proposed improvement should not be finally ordered, having been filed, the board of commissioners appointed viewers and an engineer, who made a report, which they subsequently amended.

The board ordered the making of the improvement, appointed an engineer to superintend the performance and completion of the work, and appointed a committee to apportion the estimated expense of the improvement upon the real property to be benefited.

Thereupon those who are the appellants here filed with the county auditor a bond and affidavits for appeal from the de-

cision of said board to the circuit court, where there was a trial by jury, resulting in the return of a special verdict, upon which, after the overruling of various motions made by the appellants, the court rendered judgment in favor of the appellees.

Under an assignment that the court erred in overruling the motion of the appellants for a new trial, they have discussed the action of the court in giving certain instructions to the jury, and in refusing to give certain instructions at the request of the appellants.

There is no bill of exceptions in the record, and it is not shown that the instructions set out by the clerk as having been given, or as having been asked by the appellants and refused, were filed as required by the statute. R. S. 1881, section 533; *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110. Besides, as to the instructions refused, if they were shown to have been filed, it would be presumed in favor of the action of the court, the evidence not being in the record, that they were not applicable to the evidence.

Under assignments that the court erred in overruling the motion of the appellants for judgment upon the special verdict, and in overruling their motion in arrest of judgment, they have discussed certain questions, which we will examine.

The petition stated the points between which the improvement was asked within said county, as follows: "Commencing at the southwest corner of section 15 in township 23 north, range 4 west, running thence east on county road, as now laid out, to the southeast corner of the southwest quarter of said section 15; thence east for a distance of one mile on the north side of the northeast quarter of section 22 and the northwest quarter of section 23, both in township 23 north, range 4 west, to the northeast corner of the northwest quarter of said section 23, the roadway to be constructed entirely on said northeast quarter of section 22, and the northwest quarter of said section 23, running thence north along and upon the county road about three-eighths of a mile,

thence with said road in a northeasterly direction across and upon the county bridge over Wild Cat Creek to the east side of section 13 in township 22, range 4 west, to the northwest corner of said section 13; thence east along and upon the county road to the northeast corner of said section 13, thence north along the county road on the east side of section 12 in said township and range, to the northeast corner thereof, thence east along and upon the county road to the southeast corner of section 4 in township 23 north, range 3 west, thence east on the section line dividing sections 3 and 10 to the southeast corner of section 3, township 23, range 3 west, thence north along and upon the county road on the west side of section 2 in township 23, range 3 west, and section 35 in township 24, range 3 west, to the northwest corner of said section 35, thence east on the section line dividing sections 26 and 35 and sections 25 and 36, to the Carroll county line."

In the special verdict, having shown, among other things, the line of the proposed improvement as laid out by the viewers and surveyor, the jury further found, "that between the sections 10 and 3 in township 23 north, of range 3 west, said improvement has been laid out on new ground, for the purpose of straightening said old highway; * * that at east end of said iron bridge across Wild Cat Creek said proposed improvement has been laid out on new ground for the distance of twenty-two $\frac{70}{100}$ chains, thereby shortening and straightening the old highway; * * that for a mile and a quarter west of the northeast corner of the northwest quarter of section 23, town. 23, range 4 west, said proposed improvement is laid out on new ground, for the purpose of straightening and obtaining a better route; * * * that all the rest of the proposed improvement is located on two or more existing highways."

While it appears from the petition and from the special verdict that the proposed improvement will be one continuous line of gravel road, the petition does not show that it will be all upon previously existing public highways, and the ver-

dict shows affirmatively that certain portions will be on "new ground," for the purpose of straightening, or shortening and straightening, the old highway, or for the purpose of straightening and obtaining a better route.

It is earnestly contended, and this is the principal question argued, that the free gravel road which the county commissioners are by said statute authorized to locate and construct must be upon an existing public highway, and that the only authority to take private property is for the incidental purpose of straightening some crooks in the existing highway, and that as it appears that in this proceeding certain intermediate portions of the road, one portion a mile, another a mile and a quarter, and another twenty-two and $\frac{70}{100}$ chains in length, will not be upon previously existing highways, but will be upon "new ground," therefore the county board had no jurisdiction of the subject-matter.

The statute (section 5091) gives the board of commissioners "power, as hereinafter provided, to lay out, construct, or improve, by straightening, grading, draining (in any direction required to reach the most convenient and sufficient outlet), paving, gravelling, or macadamizing any State or county road, or any part of such road, within the limits of their respective counties."

The county commissioners are required (section 5092) to appoint viewers and a surveyor or engineer "to examine, view, lay out, or straighten said road, as in their opinion public convenience and utility require."

The viewers and surveyor or engineer so appointed are required (section 5093) to "proceed to view, examine, lay out, or straighten, as in their opinion public utility and convenience require, and assess and determine the damages sustained by any person or persons through whose premises said road is proposed to be laid out, straightened, or improved." It is provided (section 5100) that when it may be deemed desirable or expedient "to continue any road contemplated under this act into or through an adjoining county," the same proceed-

ings must be had independently before the board of commissioners of such county.

Section 5101 gives the board of commissioners power "to receive subscriptions and donations in money or property, real or personal, which shall be applied to the construction or improvement of such road."

It is provided (section 5102), that "no person shall be permitted to take advantage of any error committed in any proceeding. to lay out, construct, or improve any road under and by virtue of this act; nor of any error committed by the county commissioners or by the county auditor, or by the engineer or surveyor or other person or persons in the proceedings to lay out, construct, or improve any such road ;. nor of any informality, error, or defect appearing in the record of such proceeding, unless the party complaining is affected thereby. But the circuit court in which any action may be brought to enjoin, reverse, or declare void the proceedings by which any such road has been laid out, constructed, or improved, or ordered to be laid out, constructed or improved, * * * may," etc.

Section 3 of the act of March 24th, 1879, being section 5106, R. S. 1881, provided that, "Wherever the word 'turnpike' occurs in this act it shall be taken and held to include all roads constructed or improved under" said act of March 3d, 1877. The title of said act of 1877 (Acts 1877, Reg. Sess., p. 82) is as follows: "An act authorizing boards of county commissioners to construct gravel, macadamized, or paved roads, upon petition of a majority of resident land-owners along and adjacent to the line of any road; authorizing them to issue bonds of the county, to raise money required for that purpose, and provide for the payment of such bonds by taxing land adjacent to the road; repealing all laws inconsistent herewith, and declaring an emergency." The words "lay out," "construct," "improve" and "straighten," or some form thereof, are frequently used in the statute in the alternative. But for the mere location and opening or vacation or

change of a highway, either running into more than one county or situated in but one county, and for the putting and keeping of highways in ordinary repair, ample provision is made by other statutes; and said act of 1877 has relation not to the mere location or opening of any roads.

It certainly is within the power of the Legislature to provide, by means of a single proceeding, for the location and opening of roads and their substantial improvement in the modes mentioned in this statute. But it is perhaps not contemplated in this enactment that under its provisions a road may be located and constructed in its entire length, where no road whatever previously existed. Yet the only limitation upon the extent in length of any improvement that may be provided for in one proceeding is that it shall be within the county and connected. See *Stoddard* v. *Johnson,* 75 Ind. 20. Under the narrowest construction that can be contended for, the statute does not wholly exclude the making of a portion of the improvement upon new ground, where there is no existing highway. The appellants, as we have seen, contend that new ground may thus be used only for straightening the road where there are short bends. But the statute makes no such restriction, but makes the question one of public utility and convenience. We can not say, as a matter of law, because in a petition it does not affirmatively appear that between some points of the road therein designated there is already a highway, that, therefore, the board had no jurisdiction of the proceeding, a part of the purpose of which is to ascertain where public utility and convenience require that the improvement shall be made.

The special verdict shows affirmatively that, in all the places in which the road was laid out on new ground, it was so laid out for the purpose of straightening or shortening and straightening the old road, or for the purpose of straightening and obtaining a better route. We can not say that such a laying out of portions of the highway upon new ground is not within the meaning of the statute, or that the

Gipson *et al. v.* Heath *et al.*

new portions were too long. The statute provides how the question of fact, whether public utility and convenience require that the road be so laid out, shall be determined, and that question is not before us for decision.

The record shows that the petition was presented to the board of commissioners in special session. Objection is made on behalf of the appellants, that the record contains no evidence that the board of commissioners had been legally convened.

The statute, section 5774, R. S. 1881, provides in relation to appeals from decisions of county commissioners, that " the auditor shall make out a complete transcript of the proceedings of said board relating to the proceeding appealed from, and shall deliver the same, and all the papers and documents filed in such proceeding, and the appeal bond, to the clerk of the court to which the appeal is taken."

The notice of the officer calling a special session of the board of commissioners does not constitute a necessary part of the record of the board on appeal from a decision made at a special session, nor is it necessary on such appeal that the record shall show how the commissioners were convened.

It is also objected that the proof of the notice required by the statute is not shown by the record until after the report of the viewers. There is nothing in this objection. The proof showed that the notice was given at the proper time, and in the proper manner. The notice showed that the petition was for a free gravel road. This was a sufficient statement of the kind of improvement asked for. *Stoddard* v. *Johnson, supra.*

Other questions not within the assignment of errors are discussed by counsel. We find no available error in the record.

PER CURIAM.—Upon the foregoing opinion, it is ordered that the judgment be affirmed, at the costs of the appellants.

Filed Oct. 18, 1884.