Crow v. Judy et al.

No. 16,962.

CROW v. JUDY ET AL.

GRAVEL ROAD.—*Sufficiency of Petition.*—*Part of Road Over Route where no Highway Previously Existed.*—*No Power in Such Proceeding to Locate and Establish Highway.*—Where a petition for the establishment of a free gravel road shows on its face that one mile of the proposed improvement is to be over a route where no highway exists, but that it will connect with and join two existing highways, both of which are included in the petition, but it is not shown in the report, nor does it appear in the order of the board of commissioners establishing the improvement, neither is it found by the decree of the circuit court, that this mile of road is laid upon new ground for the purpose of straightening any public highway, nor that better drainage will be secured thereby, nor that any route of travel for the public will be shortened, nor that there will be any road changed, improved or affected by this particular mile of improvement,—the petition did not state facts sufficient, and the court acquired no jurisdiction over the subject-matter of the proceeding. The board of county commissioners has no power, under the statute, to construct a gravel road over a route where no highway previously existed, except for shortening, straightening, etc., as above stated.

From the Warren Circuit Court.

*W. L. Rabourne*, for appellant.

*J. F. Hanly*, *E. C. Stansbury* and *J. C. Stephens*, for appellees.

DAILEY, J.—On the 11th day of June, 1892, a petition and bond were filed before the board of commissioners of Warren county, praying for the establishment and construction of a free gravel road, under an act of the General Assembly of the State of Indiana, approved March 3, 1877, being sections 5091 to 5096, inclusive, of the R. S. 1881. The petition shows on its face that one mile of the proposed improvement is to be over a route where no highway exists, but that it will connect with and join two existing highways, both of which are included in the petition.

Such proceedings were had before the board as resulted in an order for the improvement prayed for. From this order the appellant appealed to the Warren Circuit Court, where, on motion of the petitioners, the court rendered judgment for the appellees, and from it this appeal is taken.

Without reciting the various motions made by the appellant before the board and renewed by him in the circuit court, it is enough to say that appellant's "motion to reject the report of the commissioners," his "motion to strike out portions of the petition and report of the viewers," and his assertion that "the petition does not state facts sufficient to entitle appellees to the relief sought," are each and all based on a single proposition, viz.: *That the board of commissioners have no power under the statute to construct a gravel road over a route where no highway previously existed.* The report of the commissioners who surveyed the route, and the |decrees of the commissioners and circuit court, are silent upon the question as to whether or not any part of the improvement will be over a route where there is no highway, but each follows the way described in the petition. It will be observed that this petition is in part for the improvement of a highway, but in so far as it seeks to enter and pass through private territory to reach a highway beyond, or to connect two highways by extending the proposed improvement across one mile of intervening space over which the public had acquired no right, it is simply a petition for opening and locating a public highway, and presents a jurisdictional question, viz.: Had the commissioners' court power in this proceeding to so appropriate the appellant's land?

Section 5015, R. S. 1881, defines the method by which public highways may be opened and established. Sections 5091 and 5092, R. S. 1881, provide for the im-

provement of public highways, but we think it was not intended that these sections shall be so construed as to supersede section 5015, *supra*.   It is to be presumed that a highway must exist before it can be improved, and besides, sections 5091 and 5092, *supra,* make no provision for opening new roads, and are insufficient for that purpose.   Section 5091, *supra,* declares the power of the boards to lay out, construct or improve, by straightening, grading, draining (in any direction that may be required to reach the most convenient outlet, etc.), paving, graveling or macadamizing  any State or county road within the limits of their respective counties.

There is no doubt that if the proposed improvement had been laid upon new ground for the purpose of straightening or shortening the old highway, or for the purpose of straightening and obtaining a better route, it would present a question not now before us, and the case of *Gipson* v. *Heath,* 98 Ind. 100, would be directly in point to sustain the appellees, contention.

It is not claimed in the petition, nor is it shown in the report, nor does it appear in the order of the board of commissioners establishing the improvement, neither is it found by the decree of the circuit court, that this mile of road is laid upon new ground for the purpose of straightening any public highway, nor that better ground may be obtained for said highway, nor that better drainage is secured thereby, nor that any route of travel for the public will be shortened; nor does it appear any place in the record, that there is any road changed, improved,  or affected by this particular mile of improvement.   It does appear from the petition and the record, that there is a jog of twenty feet to the west when entering upon this new ground, and back again when across it. There is nothing, however, to show that this departure of twenty feet was necessary for the straightening or

shortening of the road, nor that better ground could be obtained or drainage secured by the deflection so made in the line thereof.

It seems very clear to us that the board of commissioners have no right to invade private enclosures to open and establish a highway except upon petition under the statute authorizing it, and that it is beyond the power of the board to lay out a new road under a statute providing for the improvement of an old one. If a gravel road can be extended one mile over private land under these circumstances, there is no reason why it may not be extended ten miles for the purpose, and there would be no limitation upon the power of the board in such matter to impose burdens on one's land.

In our opinion the petition does not state facts sufficient to warrant the action of the court, and the court acquired no jurisdiction over the subject-matter of the proceeding, and the defect is not cured by the report of the surveyor nor by the finding of the court.

The judgment is therefore reversed, with instructions to the court below to sustain the appellant's motions to strike out part of the petition and report, and to reject the report of the viewers and dismiss the proceedings.

Filed Oct. 18, 1894; petition for a rehearing overruled Dec. 13, 1894.