## HARMON ET AL. *v.* GEPHART ET AL.
### [No. 21,439.   Filed January 26, 1910.]

1. CONSTITUTIONAL LAW.— *Statutes.*— *Highways.*— *Free Gravel Roads.*—Sections 7712, 7719, 7715, 7717 Burns 1908, Acts 1907, pp. 137 and 68, §1, Acts 1905, p. 521, §§66, 68, providing, with others, for the establishment and construction of free gravel roads, conditioned upon the end connections and upon the length of the road, which must be less than three miles, without a vote of the township, are constitutional.   Jordan and Monks, JJ., dissenting.   pp. 393, 395.

2. CONSTITUTIONAL LAW.—*Police Power.*—*Highways.*—Under its police power, the legislature has the right to provide for the repair, improvement and maintenance of public highways.   pp. 393, 394.

3. EVIDENCE. — *Judicial Notice.* — *Highways.* — *Improvements.* — Courts judicially know that many highways have been improved under the "three mile gravel road law" (§7719 Burns 1908, Acts 1907, p. 68, §1).   p. 394.

4. CONSTITUTIONAL LAW.—*Highways.*—*Delegation of Authority to Construct.*—The legislature has the constitutional power to construct short connecting highways, either in a township or ending on township lines, as well as the power to select what highways shall be improved, and such powers may be delegated.   p. 394.

5. CONSTITUTIONAL LAW.—*Statutes.*—*Local and Special.*—*Highways.*—*Rural Mail Routes.*—Section 7719 Burns 1908, Acts 1907, p. 68, §1, providing that upon a proper petition for the construction of a free gravel road less than three miles long the board of commissioners may or may not submit the question to a vote of the township, but if a "United States rural mail route pass over any such road" the board shall order it constructed, without any vote of the township, is constitutional.   p. 395.

6. CONSTITUTIONAL LAW.— *Highways.*— *Petitions.*— *Freeholders.*— *Discriminations.*—*Due Process.*—Section 7712 Burns 1908, Acts 1907, p. 137, providing that whenever fifty or more "freeholders" shall petition for the construction of a free gravel road the board shall submit the question thereof to a vote of the township, and §7719 Burns 1908, Acts 1907, p. 68, §1, providing that if the road be less than three miles long the board may, without such vote, order the construction thereof, the cost of construction to be borne by all taxpayers of the township, is not unconstitutional on the ground of discrimination as to the petitioners, or on the ground that it deprives other taxpayers of due process of law. p. 396.

From Warren Circuit Court; *James T. Saunderson,* Judge.

Highway petition by William Harmon and others, against which Augustus W. Gephart and others remonstrate. From a judgment for remonstrants, petitioners appeal. *Reversed.*

*D. E. Draper* and *E. F. McCabe,* for appellants.

*J. Frank Hanly, C. V. McAdams* and *S. R. Artman,* for appellees.

MONTGOMERY, J.—Appellants petitioned the Board of Commissioners of the County of Warren for the improvement of a certain highway less than three miles in length, under the provisions of §§7712, 7719, 7715, 7717 Burns 1908, Acts 1907, pp. 137 and 68, §1, Acts 1905, p. 521, §§66, 68. Appellees appeared on the day fixed for hearing the petition, and moved to dismiss the same upon grounds specified, charging that the law upon which the proceeding was based is unconstitutional and invalid. This motion was overruled, and an engineer and viewers were appointed to view and report upon the proposed improvement. Upon the filing of the report of viewers, appellees appeared and filed answers to the same. Appellees divided themselves into three groups, and answered severally in the capacity of taxpayers who were freehold voters, voters owning personal property only, and married women, each group attacking the constitutionality of the law upon the same grounds. The board disregarded these answers or objections, and without an election ordered the road improved in accordance with the report of the engineers and viewers. Appellees appealed to the circuit court, and in that court refiled their motion to dismiss, and answers or objections to the petition and viewers' report. The motion to dismiss was overruled, and issue was joined on the answers by reply. A trial by the court was had. A special finding was made, with the following conclusions of law: (1) That the statutes upon which the proceeding rested are unconstitutional and invalid; (2) that the improvement should be denied; (3) that the petitioners pay the costs.

Appellants charge that the court erred in each conclusion of law.

In the case of *Smith* v. *Board, etc.* (1910), *ante,* 364, the validity of the statutes involved was upheld as against 1. all objections therein presented, and that case is decisive of the chief contentions of appellees in this case.

It appears from the special finding in this case that the route of the proposed improvement is 14,235 lineal feet in length, and is along and over a public highway already established, commencing in a public highway on the township line between Medina township and Warren township in Warren county, and terminating at and connecting with the Independence and Green Hill free gravel road in the village of Green Hill in said Medina township, which gravel road was built under the provisions of the act of March 3, 1877 (Acts 1877, p. 82) ; that at. the time of filing the petition herein there was, and continuously since there has been, a United States rural mail route passing over the entire length of the road to be improved.

The legislature, by virtue of the inherent police power of the State, is clothed with authority to provide for the repair, improvement and maintenance of public high- 2. ways, in any manner in its discretion deemed expedient, subject only to constitutional restrictions. This court held in the case of *Smith* v. *Board, etc., supra,* that the aforesaid statutes providing for the building of free gravel and macadam roads, do not contravene article 4, §22, 1. of the state Constitution, which prohibits the passage of local or special laws for laying out, opening and working highways, and for the assessment and collection of taxes for road purposes. This case involves the validity of only so much of the act as purports to authorize the construction of road improvements less than three miles in length, without an election upon the question of making such improvement. Appellees' counsel earnestly contend that the provisions authorizing boards of commissioners, in their dis-

cretion, to cause improvements of this character to be made, conditioned on the length of the road and its end connections, make the same local and special. The legislature has unlimited power to provide by general and uniform laws for such highway improvements as, in their judgment, public convenience and expediency demand. The court knows judicially that many highways of the State have been improved under this and other road laws. The unity of the township is recognized and preserved in the proceedings for road improvements under the law in question. The object of the proviso in section seventy of the act of 1905, as amended (Acts 1907, p. 68, §1, §7719 Burns 1908) was to avoid the expense of holding a special election upon the question of improving a short piece of road, of relatively small cost, and the necessity or expediency of which would ordinarily be apparent. The utility and importance of building short connecting links between improved roads is manifest, as well as the propriety of extending road improvements for short distances to connect with township lines. The extension of a road improvement to the township line may there connect with an improved road or afford the adjoining township an opportunity to build a continuous improvement, and thus greatly facilitate through travel as well as local use. The legislature might directly have commanded such improvements to be made, so it may delegate authority to boards of commissioners to cause the same to be done, in their discretion, upon petition of the prescribed number of freehold voters. It is urged further that other roads, without the end connections specified, need improvement quite as imperatively as those provided for in this act. This may be conceded, and yet that fact not affect the validity of this statute. It would doubtless be very desirable to have all the roads improved at once, but such work is not now feasible or practicable, and the legislature must determine what classes of highways shall receive first atten-

tion.  It is suggested also that the cost of improving a short road within the class may exceed the cost of an improvement of greater length on a highway not so classified.  This result might occasionally happen, but ordinarily the aggregate cost of a given improvement is increased in proportion to the length of the improved line, and this objection is without weight.  An improvement under this section may be very short, or it may approximate three miles.  The occasion for classification being present, the legislative judgment must be, to some extent, arbitrary in prescribing the precise characteristics and boundaries of the class.  The basis and grounds of classification adopted are not wholly arbitrary and artificial, but inhere in the subject-matter to such an extent as to uphold the action of the legislature, and to exempt the act from the charge of being local and special.

It is next argued that the provision (§7719 Burns 1908, Acts 1907, p. 68, §1) in regard to the existence of a rural mail route over the road to be improved is entirely arbitrary, since its continuance is beyond the control of the State, and depends upon the pleasure of the federal authorities.  The existence of a rural mail route indicates at once a fairly populous and progressive neighborhood, and that the route must be traveled by at least one person on every day of the year, except Sundays and certain holidays, in the performance of an important public service.  The permanence of the free rural service depends materially on the character and condition of the roads to be traveled by the carrier.  No constitutional obstacle appears to us why the legislature might not provide, as it has done, that, upon a proper petition for the improvement of a highway less than three miles in length, connected at the ends as in other cases and showing the existence of a rural mail route over any part of the same, the board of commissioners should cause such improvement to be made, without the exercise of any discretion on its part.

It is earnestly contended that the provisions of the law, allowing only freehold voters to become petitioners and to initiate proceedings which result in a tax upon all

6. property within the township, are discriminative and invalid. The improvement of public highways is a governmental function, and this is a representative government and not a pure democracy. It is not the theory of our government that each citizen shall personally participate in every proceeding affecting his personal and property rights. The resident owners of personal property are interested in the subject of improved roads, and under this law their property is subject to be taxed for the making of such improvements, provided they remain residents of the township in which the same are located. It is well known that farm tenants and owners of personal property frequently remove from one township to another, taking their property with them; but the land remains, and is always subject to taxation for the original cost of road improvements, and also for subsequent expense of repairs and maintenance. The propriety of requiring that proceedings for the making of a permanent improvement, the maintenance of which will become a perpetual charge upon the real estate of the township, can be instituted only upon petition of freehold voters seems apparent to us, and affords no grounds of complaint to the taxpayer who is not a voter, or to the voter who owns only personal property. *Bowlin* v. *Cochran* (1903), 161 Ind. 486; *State, ex rel.,* v. *Goldthaite* (1909), 172 Ind. 210.

It is insisted further, that, under the proviso for the improvement of highways without an election, the owner of personal property is taxed without an opportunity to be heard, and that he is accordingly denied his day in court and due process of law. The cost of improvements and repairs to public highways is assessed and collected by the State in the exercise of a species of its taxing power. It is the settled doctrine in this State, and the rule is

sustained by the weight of authority, that it is within the legislative discretion to determine the kinds and character, as well as the situs or location, of property that shall be subject to assessment for local .highway improvements. *Spaulding* v. *Mott* (1906), 167 Ind. 58, and authorities cited.

In the exercise of its authority, the legislature has determined that all taxable property within a township should be assessed for the improvement of any road in such township, in proportion to value, and on the basis of valuations made for general taxation, provided that no improvement shall be made which would create an outstanding liability in excess of four per cent of the total taxable value of the property of the township. This method of assessing costs and benefits is readily distinguishable from that which delegates to a special body of men the work of determining the benefits received and apportioning the costs accordingly, in which case a special hearing becomes necessary. The taxpayer, under the method provided in this act, has had his day and hearing before the assessing officers who fixed the valuation of his property for taxation. If the legislature, by a law of this character, should attempt to impose upon a special taxing district such an excessive burden as would be confiscatory of private property, a different question would be presented, and the judiciary could doubtless interpose its authority. But under the limitations of this act no such condition could arise, and our holding is merely that the voters of Medina township, who are owners of personal property only, are not denied due process of law because their property may be taxed for the improvement of highways in the township, under a law which does not allow them the privilege of petitioning for, or voting upon the question of making, such improvements. It follows that the court erred in each of its conclusions of law.

The judgment is reversed, with directions to restate con-

clusions of law in favor of appellants, and to render judgment accordingly.

Jordan and Monks, JJ., dissent, for reasons stated in dissenting opinion in the case of *Smith* v. *Board, etc.* (1910), *ante,* 364.