## Cummins *v.* Pence et al.

[No. 21,472.   Filed April 8, 1910.]

1. CONSTITUTIONAL LAW.—*Class Legislation.—Highways.—Gravel Roads.*—The act of 1907 (Acts 1907 p. 137, §7712 Burns 1908), providing for the construction of gravel roads in "any township in any county in this State, includes [including] any incorporated town or city in such township having a population of less than thirty thousand inhabitants," is not invalid on the ground that it constitutes class legislation. p. 118.

2. CONSTITUTIONAL LAW.—*Class Legislation.—Highways.—Gravel Roads.—Mail Routes.*—Section 7719 Burns 1908, Acts 1907 p. 68, §1, providing that if any petition "for the building or improvement of a road less than three miles in length connecting at each end with an improved free gravel or macadamized road either within said township or townships or at the boundaries thereof, or connecting a free gravel or macadamized road with a boundary of said township" the board may order its construction

without a township election, and that if "a United States rural mail route pass over any such road of less than three miles, * * * or any part thereof," the board shall order that the road be constructed, is not unconstitutional on the ground of class legislation. p. 119.

3. HIGHWAYS.—*Improvement.—Legislative Powers.*—Whether certain conditions shall exist in order that highways shall be improved are purely legislative questions. p. 119.

4. MUNICIPAL CORPORATIONS.— *Streets.— Highways.— Statutes.*— Under the "three mile" gravel road statute (§7712 Burns 1908, Acts 1907 p. 137) streets in a town or city "having a population of less than thirty thousand inhabitants," may be improved, but the control of such improvements rests with such towns and cities. p. 120.

5. HIGHWAYS.—*Cities.—Taxing Districts.*—The legislature has the power to include cities and towns in a taxing district to improve rural highways. p. 121.

6. CONSTITUTIONAL LAW.—*Highways.—Cities.—Taxing Districts.*— Section 7712 Burns 1908, Acts 1907 p. 137, making townships, including towns and cities, of fewer than 30,000 inhabitants, taxing districts for the improvement of highways, and making the rate of assessment for such improvement uniform therein, does not violate article 10, §1, of the Constitution, providing for a uniform and equal rate of assessment and taxation. p. 121.

7. CONSTITUTIONAL LAW.— *Class Legislation.— Highways.— Petitions—Freeholders.*—Section 7712 Burns 1908, Acts 1907 p. 137, providing that highway petitions shall be signed by "fifty or more freeholders," is not invalid on the ground that it excludes personal property owners, and, therefore, constitutes class legislation. p. 121.

8. CONSTITUTIONAL LAW.—*Due Process.—Highways.—Taxing Districts.*—Section 7712 Burns 1908, Acts 1907 p. 137, making townships, including cities and towns of "less than thirty thousand inhabitants," taxing districts for the improvement of certain highways, does not deprive the property owners of due process of law, such owners being given a hearing when their property is assessed for taxation. p. 121.

9. CONSTITUTIONAL LAW.—*Federal.— Due Process.— Taxation.*— Due process of law, as required by the 14th amendment to the federal Constitution, does not apply to the taxing powers of the states, where an opportunity to be heard is given, and no discriminations are made against particular persons or classes. p. 121.

10. CONSTITUTIONAL LAW.— *Due Process. — Highways. — Gravel Roads.—Improvement.—Public Utility.*—No question of public utility exists in a proceeding to improve an existing public high-

way; and, therefore, there is no denial of due process of law where a statute fails to provide for a hearing thereon. p. 122.

11. HIGHWAYS.—*Improvements.—Eminent Domain.*—In a proceeding to improve a public highway no question of eminent domain is involved. p. 122.

12. HIGHWAYS.—*Damages.—Due Process.—Courts.*—Where a statute for the improvement of highways provides for an assessment of damages by viewers, and for a review of their award, it does not deprive interested persons of due process of law, the right to a hearing before a regularly organized court being unnecessary. p. 122.

13. CONSTITUTIONAL LAW.—*Highways.—Public Utility.—Who can Question.*—A party litigating merely as a taxpayer, in a proceeding to improve a public highway, may not question the constitutional validity of the statute authorizing such improvement, on the ground that it fails to permit the public utility of the improvement to be determined. p. 122.

14. HIGHWAYS.—*Taxing Districts.—Legislative Powers.*—The legislature has the power to create taxing districts for the payment of expenses incurred in the improvement of highways, the Constitutional requirement of a uniform and equal rate of assessment not being involved, only the apportionment of taxes being involved. p. 123.

15. HIGHWAYS.—*Taxing Districts.—Several Townships.—Constitutional Law.—Raising Question of.*—Where one township constitutes the taxing district for the payment of the cost of improving the highway involved, it cannot question the validity of the statute on the ground that the statute does not provide for a uniform and equal rate of assessment, where two or more townships are involved. p. 123.

16. STATUTES.—*Mistakes.—Highways.*—Section "62," as specified in §7719 Burns 1908, Acts 1907 p. 68, §1, providing for the filing of highway petitions should be read as section "63," the substitution of "2" for "3" being evidently an inadvertence. p. 123.

17. STATUTES.—*Sections.—Interdependence.—Highways.*—Section 7712 Burns 1908, Acts 1907 p. 137, providing for the filing of highway improvement petitions, is really a part of §7711 Burns 1908, Acts 1905 p. 521, §62, giving boards the power to improve highways, and prescribing the conditions thereof. p. 124.

18. STATUTES.—*Words.—Intent.*—Anything without the letter, but within the spirit or intent of an act, will be considered as written therein. p. 124.

19. STATUTES.—*Simultaneous Enactment of.—Construction.*—Statutes containing no emergency clauses, enacted at the same session and relating to the same subject-matter, take effect at the same time and will be construed as parts of the same system. p. 124.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Highway proceeding by George O. Pence and others, against which Robert F. Cummins remonstrates. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*Simmons & Dailey,* for appellant.
*Eichhorn & Vaughn,* for appellees.

Myers, J.—This was a proceeding under the gravel road law of 1905 (Acts 1905 p. 521) as amended in 1907, for the improvement of public highways by taxation.

A petition was filed by appellees, and notice thereof given of the time and place set for hearing. The board of commissioners dismissed the proceeding, and appellees appealed to the circuit court, where the matter was heard and remanded to the board of commissioners to proceed under the petition, which it did, to the point of ordering the improvement.

Appellant filed an affidavit of interest under §6021 Burns 1908, §5772 R. S. 1881, and appealed to the Wells Circuit Court. There he filed an answer of general denial, and a special answer setting up numerous grounds of alleged unconstitutionality of the highway act of 1905, *supra.* The cause was tried, special findings of fact made, and conclusions of law were stated, upon which judgment was rendered, ordering the construction of the road, and taxing the costs to appellant, from which judgment he appeals, assigning error upon the conclusions of law.

He seeks a reversal of the judgment on the ground that the highway act of 1905, *supra,* is unconstitutional, as being in violation of article 1, §23, of the state Constitution, forbidding a grant of privileges and immunities to one class of citizens which is denied to others similarly situated, and as in violation of article 4, §22, of the Constitution, forbidding the enactment of a local law in certain cases. It is insisted that §7712 Burns 1908, Acts 1907 p. 137, is in violation of the Constitution, as being class legislation, in that it applies to townships only in which are

cities or incorporated towns having a population of 30,000 or less. These questions have been resolved otherwise in the cases of *Smith* v. *Board, etc.* (1910), 173 Ind. 364, *Harmon* v. *Gephart* (1910), 173 Ind. 391, and *Strange* v. *Board, etc.* (1910), 173 Ind. 640.

It is next urged that §7719 Burns 1908, Acts 1907 p. 68, §1, is in violation of the Constitution, because discrimination is made (1) in favor of roads less than three miles in length, (2) in favor of roads having certain termini, and (3) between those touched and those untouched by a rural mail-route. As to all these propositions, it is to be said that all public highways being state highways, the State is the sole arbiter of the manner of their improvement, unlimited except by the Constitution, and that the act applies throughout the State to all roads similarly conditioned. *Strange* v. *Board, etc., supra; Board, etc.,* v. *Johnson* (1909), 173 Ind. 76; *State* v. *Barrett* (1909), 172 Ind. 169; *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595.

The conditions for improvement present purely legislative questions. Since it is determined that the classification is not inimical to the Constitution, it follows that the conditions which are imposed are not the concern of the courts. *State, ex rel.,* v. *Board, etc., supra; Board, etc.,* v. *Johnson, supra; State* v. *Barrett, supra; Lowe* v. *Board, etc.* (1901), 156 Ind. 163; *Spencer* v. *Merchant* (1888), 125 U. S. 345, 8 Sup. Ct. 921, 31 L. Ed. 763.

No presentation of the question of classification is here made which was not made and considered in the late cases decided by this court, and we see no reason to depart from the conclusions there reached. In this case, it is shown by the petition and findings that the entire length of the way is covered by a post-route, and it is urged that the improvement of rural routes is not a township matter, and it does not lie within the province of the legislature to place a tax upon townships to construct or repair post-roads. We concede that the improvement of post-roads is not a township matter,

but it is a state matter, and the State is the exclusive judge, within constitutional lines, of the highways it will improve, and the conditions under which they will be improved. *State, ex rel.,* v. *Board, etc., supra; Gilson* v. *Board, etc.* (1891), 128 Ind. 65, 11 L. R. A. 835.

We have lately had occasion, in the cases of *Harmon* v. *Gephart, supra,* and *Strange* v. *Board, etc., supra,* to note the grounds of proper classification as to mail routes, and the inherent reasons supporting such classification. There is as much reason in the conditions authorizing such improvements as there is in requiring a definite number of freeholders to sign a petition for opening or vacating an ordinary highway, and another definite number in opening a highway on a county line; and yet these requirements have never been intimated to be in violation of the Constitution. So far is this a matter of purely legislative concern, that a board of commissioners in one county may construct gravel roads on county lines, and the adjoining township may be required to contribute ratably, on the ground that it is a state matter, which is by statute committed to boards of commissioners, an instrumentality of the State. *State, ex rel.,* v. *Board, etc., supra.*

It is next urged that the law is discriminative, in that it requires cities and towns having a population of less than 30,000 to be assessed for country highways, and does 4. not provide for the building or improvement of streets. It was held under a similar statute, before the present statute was adopted, that the act did authorize the improvement of streets. *Lowe* v. *Board, etc., supra.*

Control over streets is not taken from the municipalities. The improvement can be made only with their assent (§7721 Burns 1908, Acts 1905 p. 521, §72), which necessarily involves control as to the character of the improvement, and they are entitled to a share of the repair fund. §7759 Burns 1908, Acts 1907 p. 613, §2. As was pointed out in the case

of *Strange* v. *Board, etc., supra,* the working operation of the statute is probably as equitable as in any plan of taxation.

The extent to which the authority of the State runs is well disclosed in the cases of *State, ex rel.,* v. *Board, etc., supra,* and *Byram* v. *Board, etc.* (1896), 145 Ind. 240, 33 L.
5. R. A. 476. It is held in the case last cited that the property of cities may be taxed to repair rural highways, and for the same reasons it may be taxed to construct them.

The act is not in violation of article 10, §1, of the state Constitution, in providing that the rate of assessment and taxation shall be uniform. That clause is held to ap-
6. ply to uniformity and equality in the taxing district, or as to those of the same class. *Smith* v. *Stephens* (1910), 173 Ind. 564; *Board, etc.,* v. *Johnson, supra; State, ex rel.,* v. *Smith* (1902), 158 Ind. 543, 63 L. R. A. 116; *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 18 L. R. A. 729; 1 Cooley, Taxation (3d ed.) 5, 169.

Objection is made that §7712, *supra,* is invalid on the ground that it discriminates between freeholders and
7. the owners of personal property. The basis for this distinction is pointed out in *Harmon* v. *Gephart, supra.*
There is no invasion of the right of due process of law, or to the right of hearing. The property owner is given
8. a right to a hearing when his property is assessed for taxation. *Harmon* v. *Gephart, supra; Strange* v. *Board, etc., supra.*

The due process of law clause of the federal Constitution has no reference to the taxing process of the states, to which this class of proceedings belongs, so long as there is
9. an opportunity to be heard at some stage of the proceeding, and so long as discriminations are not made against particular persons or classes. *Smith* v. *Stephens, supra,* and cases cited; *State, ex rel.,* v. *Board, etc., supra; Travelers Ins. Co.* v. *Connecticut* (1902), 185 U. S. 364, 22 Sup. Ct. 673, 46 L. Ed. 949; *Jennings* v. *Coal Ridge, etc.,*

Co. (1893), 147 U. S. 147, 13 Sup. Ct. 282, 37 L. Ed. 116; *Bells Gap R. Co.* v. *Pennsylvania* (1890), 134 U. S. 232, 10 Sup. Ct. 533, 33 L. Ed. 892; *Kentucky Railroad Tax Cases* (1885), 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414.

It is contended that due process of law is denied for lack of provision for hearing upon the question of public utility. The question is not involved in this appeal, for the reason that the improvement contemplated is wholly over an existing highway, the question of the public utility thereof having been determined when such highway was established. The question of improving the way involves no question of public utility.

11.   No question of the law of eminent domain is involved in the case, because no property is sought to be taken; nor is any question of appropriating lands involved.

Provision is made for a hearing, upon the question of damages, by the viewers, and for exception to the award, and a review, and that is sufficient. It is not essential that the right to a hearing by an organized court be given. *Public Clearing House* v. *Coyne* (1904), 194 U. S. 497, 24 Sup. Ct. 789, 48 L. Ed. 1092; *Reetz* v. *Michigan* (1903), 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; *Simon* v. *Craft* (1901), 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165; *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 18 L. R. A. 729; *Pittsburgh, etc., R. Co.* v. *Backus* (1894), 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. Ed. 1031.

Appellant, however, only interposes as a taxpayer, and has no standing here to raise the question of the constitutionality of a statute upon the question of public utility which does not affect him, and which is not in the case. *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112; *State* v. *Gerhardt* (1896), 145 Ind. 439, 450, 33 L. R. A. 313; *Currier* v. *Elliott* (1895), 141 Ind. 394, 407.

Complaint is made that the rate of taxation is unequal, by reason of the fact that though one township may have but a

small portion of the improvement, the apportionment is made in the ratio that the assessed value of all the property in each township bears to the assessed value of the property in all the townships. As to this proposition it may be said that the fixing of the taxing district is a purely legislative function, and may be fixed as the legislature sees fit, unless the nature of the tax conclusively fixes the district, but the uniformity and equality of the rate would not be affected, nor the constitutional requirement, "for a uniform and equal rate of assessment" under article 10, §1, be violated, because the rate of assessment is not involved, but simply the apportionment. The rate of assessment might be different in the townships, but the apportionment would be in the same ratio, or upon a uniform and equal rate of the assessments. But aside from that question, here we have but one township involved, and appellant cannot be heard upon the moot question of the constitutionality of the law as affecting some one else. *Wilkinson* v. *Board, etc.* (1902), 158 Ind. 1; *State* v. *Gerhardt, supra; Wagner* v. *Town of Garrett* (1889), 118 Ind. 114.

Objection is urged to §7719, *supra,* on the ground that in the body of the section it refers to section sixty-two of the act, or §7711 Burns 1908, instead of section sixty-three of the act, or §7712 Burns 1908, and renders the act impossible of enforcement, because §7711, *supra,* makes no provision for petitioning, and that as §7719, *supra,* was approved February 25, 1907 (Acts 1907 p. 68), and section sixty-three (§7712, *supra*), was approved March 2, 1907 (Acts 1907 p. 137), there was no section sixty-three in force when §7719, *supra,* went into effect. There is no difficulty in understanding that section sixty-three was the one intended, and that the use of the numeral 2 instead of 3 was an inadvertence. *Clare* v. *State* (1879), 68 Ind. 17.

Neither would there be a forced construction in reading section sixty-three into section sixty-two as a part of the lat-

ter, for the latter is incomplete without section sixty-three, which describes the conditions upon which section sixty-two is based. 1 Lewis's Sutherland, Stat. Constr. (2d ed.) §231; Endlich, Interp. of Stat. §§16, 39. A thing within the intent of an act is as much a part of it as if written therein. *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194; *Smith* v. *State* (1900), 155 Ind. 611; *Conn* v. *Board, etc.* (1898), 151 Ind. 517.

There was no emergency clause in said acts, so that they took effect at the same time, as parts of the same system of laws. The contention, that as §7719, *supra,* did not take effect until publication there was no section sixty-three to which it could refer, is without force. If that were the rule, there could never be an amendment of a section of a statute. But the rule is that with the going into force of the amendment the prior section is merged therein: they are simultaneous acts in the process of legislation. The unchanged portions are regarded as the law until the new act goes into effect. The added or changed portions take effect prospectively, and as to the future, the new section is alone operative. *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446; *Stalcup* v. *Dixon* (1893), 136 Ind. 9; *Cain* v. *Goda* (1882), 84 Ind. 209; 1 Lewis's Sutherland, Stat. Constr. (2d ed.) §237; Endlich, Interp. of Stat. §196.

Section 7719, *supra,* does not purport to be, and is not in fact, an amendment of section sixty-two or section sixty-three of the act, and the amendment of section sixty-three in nowise affected §7719, *supra;* besides they are readily enforceable together, and are to be construed *in pari materia.* *Shea* v. *City of Muncie* (1897), 148 Ind. 14; *Indiana Central Canal Co.* v. *State* (1876), 53 Ind. 575; *State* v. *Rackley* (1829), 2 Blackf. 249; *Lincoln School Tp.* v. *American School Furniture Co.* (1903), 31 Ind. App. 405.

There is no error in the record, and the judgment is affirmed.