## CRAW ET AL. v. DUNN ET AL.

[No. 21,574. Filed October 14, 1910.]

1. HIGHWAYS.—*Gravel Roads.*—*Remonstrances.*—Any taxpayer or freeholder of the township may remonstrate against a gravel road petition (§7715 Burns 1908, Acts 1905 p. 521, §66). p. 617.

2. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 617.

3. HIGHWAYS.—*Gravel Roads.*—*Defective Notice.*—*Remedy.*—The remedy for a defective notice in a gravel road case is a motion to dismiss the proceedings, or to postpone action until a proper notice has been given, and not by an objection to the petition. p. 617.

4. HIGHWAYS.—*Gravel Roads.*—*Improving Part of Highway.*— Where one terminus of that part of a highway sought to be improved is connected with a street of a town, and the other connected with a free gravel road, the board of commissioners had a discretionary power to order such part, which was less than three miles in length, improved, though the entire highway extended five miles. p. 618.

5. HIGHWAYS.—*Gravel Roads.*—*Objections.*—*Validity of Statutes.* —An objection to a gravel road petition, on the ground that the statute authorizing the proceeding is void, is improper, since it presents only a question of law. p. 618.

6. HIGHWAYS.—*Gravel Roads.*—*Objections.*—*Public Utility.*—No objection lies to a gravel road petition on the ground that it would not be of public utility, where the proposed work was to be done on an existing highway, since its utility had been determined; but the engineer and viewers are required to determine the utility of the proposed work, and their report is final. p. 618.

7. HIGHWAYS.—*Petitioners.*—*Number.*—Where a gravel road petition was signed by sixty-one persons, six of whom are questioned, the trial court's rulings thereon in favor of the petitioners are harmless, since more than fifty remain if all are rejected. p. 619.

8. HIGHWAYS. — *Gravel Roads.* — *Petitioners.*—*Withdrawals.*—*Appeal.*—Where certain gravel road petitioners, before the hearing of their petition, filed their withdrawals therefrom, but the board of commissioners decided to count them, and they failed to appeal, persons objecting to the petition have no right to assert, on appeal, that such withdrawing petitioners should not be counted as petitioners. p. 619.

9. JUDGMENT.—*Form of.*—*Motion to Modify.*—*Appeal.*—The form of the judgment appealed from, in the absence of a motion to modify, and of an assignment of error on the overruling thereof, cannot be questioned on appeal. p. 620.

From Delaware Circuit Court; *John F. McClure*, Special Judge.

Highway petition by Peter W. Dunn and others, against which Richard E. Craw and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Orr & Orr*, for appellants.

*O. M. Rearick, Bingham, White & Haymond* and *Ball & Needham*, for appellees.

MONTGOMERY, J.—On July 9, 1907, appellee Dunn and sixty other persons, representing themselves to be resident freeholders and voters of Union township, Delaware county, filed in the office of the county auditor a petition for the improvement of three highways, each less than three miles in length, in said township, under the provisions of §§7712, 7719 Burns 1908, Acts 1907 p. 137 and Acts 1907 p. 68, §1. The auditor thereupon fixed August 7, 1907, as the date of hearing said petition, by indorsement thereon, and notice of the filing of said petition and the date of hearing was duly given by publication and posting. On the day designated for hearing, seven of the petitioners filed with the auditor a written withdrawal of their names, and dismissal of the petition as to each of them severally, and on the same

day appellants filed their remonstrance to said petition. The proceeding was continued until May 6, 1908, at which time the board of commissioners made a finding against the withdrawing petitioners, overruling appellants' remonstrance, granting the prayer of the petition, and referring the matter to an engineer and viewers for investigation and report. Appellants appealed from this order to the circuit court, which court, on motion of appellees, struck out all the alleged grounds of remonstrance except the second, which denied that the petition was signed by fifty freeholders and voters of Union township. The cause was then heard by the court, a special finding of facts made, and conclusions of law thereon stated in favor of the petitioners. Appellants sought and were denied a new trial.

It is alleged on appeal that the circuit court erred in striking out the several grounds of remonstrance, in each conclusion of law, and in overruling appellants' motion for a new trial.

The statute provides that any taxpayer of the township named in the petition, or person or corporation whose land or property will be affected by the proposed improvement, on the date fixed for hearing "may file in writing his objections to the form or sufficiency of such petition." (§7715 Burns 1908, Acts 1905 p. 521, §66.

No complaint is made in appellants' brief of the striking out of the first ground of remonstrance, and any exception to that ruling is waived.

The third, fourth and fifth specifications sought to question the sufficiency of the notice. These objections did not go to the form or sufficiency of the petition, and were properly rejected. If the board of commissioners had not acquired jurisdiction to hear the matter, at the date of hearing, the question should have been raised by a motion to dismiss the proceedings, or to postpone action until proper notice had been given.

The sixth ground of objection alleged that the road designated as "Fort Wayne avenue" extended across the township for a distance of five miles, and the petition sought to have only a part thereof—less than three miles in length—improved. The part to be improved connected at the south end with an improved street in the town of Eaton, and ran in a northeasterly direction to and terminated at the "Wilman Pike," a free gravel road on the township and county line. The board of commissioners, in the exercise of their discretion, had authority, under the law, to order the improvement of such a part of a public highway. *Smith* v. *Board, etc.* (1910), 173 Ind. 364.

It was further alleged as a paragraph of objection that the statutes upon which the proceedings for the proposed improvement rested violate various provisions of the state and Federal Constitutions. This allegation presented no issue of fact, and the legal question sought to be raised has been fully considered and decided against appellants' contention. *Smith* v. *Board, etc., supra; Harmon* v. *Gephart* (1910), 173 Ind. 391; *Moore* v. *Bible* (1910), 173 Ind. 413; *Hutton* v. *Boze* (1910), 173 Ind. 719; *Cummins* v. *Pence* (1910), *ante*, 115; *Strange* v. *Board, etc.* (1910), 173 Ind. 640; *Isanogle* v. *Russey* (1910), *ante*, 245.

It was finally objected that each of the proposed road improvements was useless and of no public utility. The proposed work was to be done on existing public highways and this proceeding did not involve the exercise of the power of eminent domain. It was accordingly not necessary that a judicial determination of the public utility or expediency of the proposed improvement be provided. The engineer and viewers were, however, required by the law to determine the public utility of the proposed work without joinder of issue upon that question. They made their finding and report in favor of the public utility

of improving each of the roads as proposed, and this finding was conclusive. No error was committed in striking out the several specifications of objection to appellees' petition.

It appears from the special finding of facts, that of the sixty-one petitioners, all of whom were legal voters, one owned no real estate, and five were owners of real estate as tenants by the entirety. Counsel for appellants contend that the conclusions of law were erroneous, because a petitioner who owns no interest in real estate except as a tenant by entirety is not a freeholder within the meaning of the statute before us. It is manifest that this contention, if sound, is of no avail, and its decision is not necessary to a full determination of this appeal, since if we deduct these five and the one who was admittedly not a freeholder there would still remain fifty-five competent petitioners. It follows that the conclusions of law were warranted by the facts found.

Appellants, upon the trial, offered in evidence the paper writing filed with the auditor by seven of the petitioners seeking to withdraw their names from the petition, and to dismiss the proceeding as to themselves, but it was excluded on objection of appellees. This ruling was assigned as ground for a new trial. This request to withdraw was overruled by the board of commissioners, as heretofore shown, and no appeal from such ruling was taken. The withdrawing petitioners, not having carried this question to the circuit court, must be regarded as having acquiesced in this action without regard to its correctness, and be treated thereafter as petitioners as fully as though no such effort on their part had been made. *Isanogle* v. *Russey, supra.* The objectors or remonstrators could not, in a collateral way, attack or impeach the ruling of the board. It follows that the proffered evidence was properly excluded.

The judgment of the circuit court remanding the cause

to the board of commissioners for further proceedings is criticised, but no question as to the form or sufficiency of the judgment is presented to us by the assignment of errors.

No error appearing, the judgment is affirmed.