CITIZENS STATE BANK OF BLOOMFIELD ET AL., APPELLANTS, v. BOARD OF EQUALIZATION OF KNOX COUNTY, APPELLEE.

            FILED JULY 13, 1923.   No. 22471.

1. Taxation: BANKS: ASSESSMENT. Under section 6343, Rev. St. 1913, as amended in 1919 (Laws 1919, ch. 162), providing for the taxation of banks, it is the duty of the county board of equalization, whenever a bank shall have acquired real estate which is assessed separately, to deduct the assessed value of such real estate from the capital stock of the bank.

2. ———: ———: ———. A banking corporation is not authorized by law to deduct in its tax schedule the book value of its banking house property, but can lawfully only deduct the assessed value thereof.

APPEAL from the district court for Knox county: WILLIAM V. ALLEN, JUDGE. Affirmed.

W. A. Meserve, for appellants.

P. H. Peterson and F. A. Barta, contra.

Heard before MORRISSEY, C. J., GOOD and ROSE, JJ., BLACKLEDGE, COLBY and REDICK, District Judges.

COLBY, District Judge.

This is an appeal from the district court for Knox county. In the lower court it was an appeal from an order of the board of equalization of Knox county, ordering an amendment to the personal tax schedule of plaintiff bank for the year 1921.

The appellant, Citizens State Bank of Bloomfield, in making out its tax schedule to the assessor of Knox county for the year 1921, deducted from the valuation of its capital stock the value of its banking house property according to the amount as it was carried on the books of the bank in the sum of $12,375, instead of deducting the assessed valuation for which said property had been separately assessed in the sum of $8,400. The whole question is as to how section 6343, Rev. St. 1913, as amended in 1919, should be construed.

The assessor and board of equalization of said county gave notice to appellant bank of their intention to amend the tax schedule by deducting the assessed valuation of said banking house property only, or the said sum of $8,400, instead of the sum of $12,375, the book value de- ducted by the bank in its schedule. The bank protested against the proposed change by the board of equalization, but the change was made and the bank appealed to the district court for Knox county. A demurrer was in- terposed to the petition and sustained by the court, the action was dismissed, and the cause is brought here for re- view.

Objection is made that section 6343, Rev. St. 1913, as amended in 1919, and as interpreted by the district court, is unconstitutional. Section 1, art. IX of the Constitution of Nebraska of 1875, regarding the uniformity of taxa- tion, has been held to apply to the class taxed. The Constitution does not prohibit double taxation, but pro- vides that the taxation shall be uniform upon the class taxed. Authority was given in the section and article referred to to classify certain business for taxation pur- poses, but this court held at the time that this power did not prohibit the legislature from making such classi- fications as it deemed proper, and the state ever since has freely exercised such power. *State v. Lancaster County,* 4 Neb. 537; *State v. Fleming,* 70 Neb. 523, 529; *Smith v. Stephens,* 173 Ind. 564, 30 L. R. A. n. s. 704; *McCulloch v. Maryland,* 4 Wheat. (U. S.) *316, *428.

From these authorities we may properly conclude that section 6343, Rev. St. 1913, as amended in 1919, is constitutional and valid. Banking is declared to be a quasi-public business by our revised statutes and subject to the regulation and control of the state. A bank can only do what the law permits it to do. Its full and only authority comes from the legislative acts authorizing its existence. When the statutes say that a bank shall have the right to deduct the assessed value of real estate, which has been separately assessed, the state is acting within its authority, and only the assessed valuation of said real estate can be deducted. The statute is the sole authority for making any deduction. It is clear that, if the legislature had intended that a bank should be allowed to deduct the valuation of its banking house as the same was carried on its books, that is, its book value as fixed by the bank, which the appellants contend they should be allowed to do, it would have been so stated in the statutes.

The following is the wording of the clause of chapter 162, Laws 1919, under consideration: "Whenever any such bank, association or company shall have acquired real estate which is assessed separately, the assessed value of such real estate shall be deducted from the valuation of the capital stock of the association or company." It has been properly said that the power of taxation is inherent in the state and that the government could not perform its functions without this power. It may be limited by the Constitution, but exists without express authority as a necessary attribute of sovereignty. The power of taxing the people and their property is essential to the very existence of the objects to which it is applicable, to the utmost extent to which the government may choose to carry it. *McCulloch v. Maryland,* 4 Wheat. (U. S.) *316, *428.

In *Smith v. Stephens, supra,* this question was passed upon by the supreme court of Indiana; the controversy arising over the wording of a statute substantially the

same as ours as to the manner of assessing the shares of stock in a banking business. The wording of the Indiana statute was as follows: "Whenever any such bank, banking association or trust company shall have ac· quired real estate, the assessed value of such real estate shall be deducted from the valuation of the capital or capital stock of such bank, banking association or trust company." The suit was brought by the stockholders of the bank enjoining the treasurer from collecting alleged unlawful taxes assessed against them on their shares of stock. It was held: "Stockholders of a bank are not denied constitutional privileges and immunities, uniformity of taxation, or the equal protection of the laws, by a statute allowing a deduction, in fixing the value of its capital stock for taxation, of only the assessed value of real estate held by it, rather than the amount invested in real estate, although it results in the taxation of the real estate to its full value, while such property is assessed to others at only a fraction of its value." *Smith v. Stephens,* 30 L. R. A. n. s. 704 (173 Ind. 564).

Another case applicable to the construction of the Nebraska statute under consideration is that of *State v. Shryack,* 179 Mo. 424, in which the same principle of construction is announced.

Under our law the shares of the bank are the unit of taxation, and each of the individual shares is taxed to the respective shareholders as personal property, and the bank as an entirety, as a corporation, is not taxed at all. By the statute provision is made to obtain a basis for taxing the shareholders and the assessor is required to determine and settle the true value of each share of stock, and such share then forms the unit or basis of taxation. It is taxed as personal property upon its true value, as determined by the assessor, and it matters not the kind of property, taxable or nontaxable, which goes to make up its value.

It is worthy of note that the shares of stock are taxable to the stockholders even though all or any part of such

bank stock may be invested in nontaxable government bonds. It is not a question of double taxation or single taxation or the nontaxation of certain property, a part of which goes to make up the value of the shares of stock. While double taxation should be avoided, yet it is a common fact that this condition, as well as the escape of certain property from taxation, results in many instances.

The language of the statute is plain and unequivocal that, whenever any bank shall have acquired real estate which is assessed separately, the "assessed value," not the "book value," shall be deducted from the valuation of the capital stock of the banking association, and then the further duty devolves upon the county assessor to determine and settle the true value of each share of stock after an examination of the statement and report of the bank.

It is admitted that it is the settled policy of our law to guard against double taxation, if possible, but such taxation is not held to be unconstitutional, as is evident from a consideration of the following cases: *Nye-Schneider-Fowler Co. v. Boone County,* 102 Neb. 742; *First Trust Co. v. Lancaster County,* 93 Neb. 792; *Bankers Life Ins. Co. v. County Board of Equalization,* 89 Neb. 469. The phrase used in the law, "the assessed value of real estate," means simply and only what the ordinary definition of the words imports, and the law under the interpretation and definition given, as we have seen, is not held unconstitutional.

Our statutes provide that property shall be assessed at its actual value, and we must presume that the assessor has done his duty. However, if the assessor did not assess the banking house property of appellant at its actual value, it is no reason for complaint against the law. Banking corporations and other organizations are given many privileges and immunities in business, taxation and in the variety of avenues in which their labors enter, not given to private individuals. A bank is an

artificial person subject to the laws applicable to the class to which it belongs. Individuals, in many things, are discriminated against in favor of banks. A bank is not obliged to pay taxes upon its borrowed money or the money of its depositors, a privilege which no individual is given. Many cases could be enumerated, showing discrimination between banks, firms and other kinds of corporations, but these do not make the laws unconstitutional.

As before stated, the law of uniformity of taxation need be uniform only as to the class taxed, but may not be uniform as to other and different classes. The constitutional requirements are complied with when the property of a banking corporation is assessed in the manner prescribed by law at its fair value, the same as an individual's property is assessed at its fair value.

In our judgment the board of equalization of Knox county had full authority to deduct the assessed valuation of the banking house property of appellant bank in the sum of $8,400 from the tax schedule of the bank, in place of the sum of $12,375 deducted by the bank, and the district court was right in sustaining the demurrer and dismissing the action, and its judgment should be, and is,

AFFIRMED.