Evans *et al. v.* West.

No. 16,180.

EVANS ET AL. *v.* WEST.

GRAVEL ROAD.—*Proceeding to Establish.—Jurisdiction.—Remonstrance.* —*Collateral Attack.*—Where, in a proceeding to establish a free gravel road, under sections 6855 *et seq.,* R. S. 1894, all the steps are taken by the board of commissioners necessary to acquire jurisdiction of the subject-matter and of the persons affected, and a judgment is rendered without remonstrance ordering the road to be constructed, any subsequent remonstrance, saving exceptions as to the assessment of benefits, is a collateral attack upon such judgment, and unless the proceedings are void, should be dismissed by the board.

SAME.—*Using Part of Road Already Constructed.*—A proceeding for the construction of a free gravel road, under sections 6855 *et seq.,* R. S. 1894, is not void because the line of the road, between its terminal points, passes over a part of the line of another road already constructed.

From the Boone Circuit Court.

*T. W. Lockhart* and *O. P. Mahan,* for appellants.

*T. J. Terhune* and *W. A. Pickens,* for appellee.

HOWARD, J.—This was a proceeding to establish a free gravel road, under provisions of section 6855, R. S. 1894 (section 5091, R. S. 1881), and following sections.

The petition for the road, signed by the requisite number of landholders, was filed in the commissioners' court of Boone county, on the fifth day of March, 1889, at a regular session of the board. With the petition was filed the required bond for the preliminary expenses of the work, approved by the county auditor.

On the sixth day of March the commissioners granted the prayer of the petition, and thereupon appointed viewers and an engineer, who were directed to proceed on the seventeenth day of April to lay out the road. Notice of the meeting of the viewers, stating the kind of

improvement asked for, the beginning, intermediate points and termination, was duly given by publication.

The viewers proceeded with their work and made a report in writing of their proceedings, finding that the road would be of public utility, specifying the lands to be assessed, indicating the line of the road and the character of the improvements, giving an estimate of the cost, etc., which report they filed with the auditor on the tenth day of June.

On the twelfth day of June, 1889, the commissioners, in regular session, approved and confirmed the report of the engineer and viewers without remonstrance or objections, and ordered the improvement to be made. The order stated fully and in detail the kind of improvement to be made, the width and extent of the same, and the lands which should be assessed; that a majority of the resident landholders whose lands were reported as benefited and to be assessed, and also the owners of a majority of the whole number of acres which were reported as benefited, had signed the petition for the improvement. On the same day the board appointed an engineer to superintend the construction of the work, and also appointed a committee to apportion the estimated expenses upon the real estate embraced in the order.

After due notice to bidders for the work, the engineer, with the concurrence of the board, did, on the ninth day of August, let the contract for the construction of the road, the same to be completed by the first day of December, 1889. The contractors at once entered upon the work, under the superintendency of the engineer, and on September 9th the work was fully half completed.

The committee appointed to apportion the estimated expenses did, upon actual view of the premises, make such apportionment, and on the first day of August filed their report with the auditor. Of the filing of this re-

port, the auditor gave due notice by publication, and that the commissioners would consider such report on September 9, 1889.

At the meeting of the board, on September 9, 1889, the appellee filed what is called a remonstrance asking the board to dismiss the cause for the reason that all proceedings in relation thereto were void. On the 11th day of September, the board, after due consideration, dismissed the remonstrance and approved and confirmed the report of the committee.

An order for the issue of bonds to pay the expenses of constructing the road was made by the board in regular session on the 2d day of September, 1889; and on the 5th of September the bonds were issued and placed in the hands of the county treasurer for sale. On the 9th of September, after due notice, the bonds were sold.

On the 14th of September, 1889, the appellee filed his appeal-bond and prayed an appeal to the Boone Circuit Court.

After numerous proceedings, including changes of venue both from the judge and from the county, the cause was finally tried in the Boone Circuit Court before the special judge below, who made a finding of facts, with conclusions of law in favor of the appellee as remonstrator, holding that the proceedings of the board were void as to him.

From the facts found by the court, it appears that all steps required by the statute for the establishment of a free gravel road were taken in this case. The petition for the road was presented to the board, and was granted by them; viewers and an engineer were appointed to locate and define the work, and notice of their meeting given. The viewers and engineer met and made their report, laying out and specifying the work to be done.

This report was approved and confirmed, and the road ordered constructed.

It would seem, therefore, that there could be no question that the board acquired jurisdiction both of the subject-matter and of the persons, that is, the road to be established, and the persons liable for the cost of its improvement. *Stoddard* v. *Johnson, Treasurer*, 75 Ind. 20.

Notice was given, as required by statute, of the meeting of the viewers, and of the kind of improvement upon which they were required to report; and exceptions to this report, and to the character of the work, if any there were, should have been filed with the commissioners before the approval of the report, and the ordering of the work done by the board at their June session, 1889. Such exceptions made afterwards could only be made by way of collateral attack upon the judgment of the commissioners' court. See *Gilson* v. *Board, etc.*, 128 Ind. 65.

The exceptions provided for by the statute, to be made to the report of the committee appointed to apportion the whole assessment upon the several tracts of land to be benefited, contemplate only a proper adjustment of such assessments, and are not intended to apply to the petition or the report of viewers, or to orders of the board approving or confirming the same, or, in fine, to any part of the proceedings prior to the ordering of the work done. That order was an adjudication as to all prior proceedings, and could be called in question only by appeal taken from the final order, on exceptions seasonably made, unless indeed those proceedings, or some of them, were wholly unwarranted by the statute. *Wilkinson* v. *Lemasters*, 122 Ind. 82.

It is clear, then, that the paper filed by the appellee, at the September term, 1889, called a remonstrance, was but a collateral attack upon the prior proceedings

Evans *et al. v.* West.

to which no remonstrance or exceptions had been made or taken. If the action of the commissioners in establishing the work and ordering it done, including the assessment of benefits, and the issue of bonds in payment of the cost of the improvement, was not utterly void, even though it may have been irregular in some particular, then the dismissal of the remonstrance by the board was correct, and the court was in error in its conclusions of law. If, however, the proceedings before the commissioners were in fact void, by total failure of statutory power, then the conclusions of law were correct, and the judgment must be affirmed.

It is contended that the proceedings before the board were void for the reason that the petition asked for two improvements instead of one, that the work petitioned for and ordered done comprises "the building of a gravel road, consisting of two separate parts not contiguous, but which, when built, would be connected by an old pike road which was in existence at the time the new road was ordered."

The petition described the location and terminal points of the improvement in controversy as follows:

"Commencing at or near the point where the Lebanon and Elizaville gravel road meets Howard street, in the town of Elizaville, Boone county, Indiana, and run from thence east with the road or street to where a road turns south; thence with the same a general southerly direction on, or as near as found best, to the section line dividing sections 1 and 2, 11 and 12, 13 and 14, 23 and 24, 25 and 26; also, dividing sections 35 and 36 to where it terminates in the Noblesville gravel road at the southwest corner of said section 36, all being in township 19 north, range 1 east, Boone county, Indiana, and being a distance of about six miles, including about one and one-

half miles which passes over and upon the part of the Lebanon and Slabtown gravel road, located between said sections 25 and 26.''

The court knows that the line so described is a continuous line from the beginning to the end of the proposed gravel road. The fact that the work contemplated passes over and includes a part of a gravel road already constructed can not of itself destroy the singleness of the work proposed to be done. If it crossed another gravel road, instead of intersecting a part of it lengthwise no one would contend that two proposed improvements instead of one would thus be described. It would seem that the objection to the petition is too technical, and contrary to the spirit of the statute, which requires that ''public utility and convenience'' should be consulted in these proceedings.

The petition plainly indicates the line of the road. It was the duty of the viewers to point out, and of the board to order, the kind of improvement to be made, the width and extent of the same. The board should also make any alteration in the manner of the improvement as public necessity might require. *Gipson* v. *Heath*, 98 Ind. 100.

If the viewers found that in crossing or intersecting another improvement, as a bridge, a railroad track, or another gravel road, the improvement intersected ought to be so changed as to conform to the proposed work, that was a matter for them and the board to consider. If, on the contrary, they found the intersecting improvement to be already sufficient to conform to the work proposed, that, too, was for their consideration and that of the board.

A public drain may be established over the line of another drain, *Meranda* v. *Spurlin*, 100 Ind. 380; *Denton* v. *Thompson*, 136 Ind. 446, and no sufficient reason has

been given why a gravel road may not be treated in like manner. In either case it is a question for those who are appointed to locate the work and to make the assessment of its cost. If the bridge, railroad crossing, old gravel road or other intersecting part of the contemplated gravel road does not need improvement, but is already of a grade and condition to become a part of the new work, we see no reason why such fact should make of the contemplated work two or more improvements instead of one. The public convenience, to which the statute calls attention, will certainly be promoted by having the whole work done under one petition and by one proceeding and contract.

The appellee in this case is not harmed by having the work done as one improvement. His lands lie within two miles of both parts of the line, and if there were two petitions instead of one his lands would be subject to assessment for both works. Even, therefore, if there were a technical irregularity in including the whole line of road in one proceeding, as we do not think, the appellee has not been thereby injured, and as the gravel road law was intended by the Legislature to be liberally construed in promotion of the object intended to be accomplished thereby, he should not be heard to complain where he has received no harm. *Stoddard* v. *Johnson*, 75 Ind. 20.

The judgment is reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion, and to render judgment in favor of the appellants.

Filed Sept. 21, 1894.