Brown v. Miller.

---

BROWN ET AL. v. MILLER ET AL.

[No. 20,264. Filed May 24, 1904.]

HIGHWAYS.—*Improvement.*—*Petition.*—Under the act of 1899 (Acts 1899, p. 128), providing that the county commissioners when petitioned therefor by fifty freeholders, voters of any township or townships contiguous to each other, inhabitants of the county where such road is to be improved, shall submit to the voters of said township or townships the question of improvement, it is sufficient if the petition be signed by fifty freeholders of the taxing district though composed of more than one township. *pp. 684-687.*

SAME.—*Improvement.*—*Petition in Triplicate.*—Three copies of a petition for the improvement of a highway, each stating "this petition is written in triplicate, and all three of said copies are to be presented together and considered as a single petition," are properly treated as a single petition. *p. 687.*

SAME.—*Improvement.*—*Establishment and Improvement of New Roads.*—Under the act of 1899 (Acts 1899, p. 128), the board of county commissioners has the power to improve roads already established, and also in the same proceeding to establish and improve new roads. *p. 688.*

From the Decatur Circuit Court; *Ben L. Smith*, Special Judge.

Proceeding by Charles P. Miller and others against John H. Brown and others. From a judgment in favor of plaintiffs, defendants appeal. *Affirmed.*

*Davison Wilson* and *J. F. Godard*, for appellants.

*B. F. Bennett, T. E. Davidson, Hugh Wickens* and *J. E. Osborn*, for appellees.

MONKS, J.—This proceeding was brought by appellees under the act of 1893 (Acts 1893, pp. 196-200), as amended by the acts of 1895 and 1899 (Acts 1895, pp. 143-148, Acts 1899, pp. 128-130), to improve certain roads in Adams and Clinton townships, Decatur county. It ap-

pears from the record that three copies of the petition were filed before the board of commissioners, one of said copies was signed by twenty-seven freeholders, voters of Clinton township; one copy was signed by more than fifty freeholders, voters of Adams township; and one copy was signed by twenty freeholders, voters of Adams township. Each copy stated that "this petition is written in triplicate, and all three of said copies are to be presented together and considered as a single petition, marked A, B, and C." The petition prayed for the improvement of certain established roads and for the improvement of certain new roads not established and opened.

Three questions are presented by the record: (1) In a taxing district composed of more than one township, is it sufficient if the petition is signed by fifty freeholders who are voters of said townships? (2) Did the three copies of the petition constitute a single petition? (3) Has the board of commissioners the power, under said statutes, to improve roads already established, and also in such a proceeding to establish and improve new roads? Each of these questions was answered in the affirmative by the board of commissioners and by the court below on the appeal. If all of said answers were correct, this case must be affirmed, but if not, it must be reversed.

Section one of said act of 1899 provides "that the county commissioners of any county in this State, when petitioned therefor by fifty freeholders, voters of any township or townships contiguous to each other, * * * inhabitants in such county where such road or roads are to be improved * * * shall submit to the voters of said township or townships, towns and cities in said township or townships." Taking only the words directly applicable here, we have, "fifty freeholders, voters of any * * * townships contiguous to each other, * * * where such road or roads are to be improved." These words specifically call for but fifty freeholders from the contiguous

townships joined in the petition. The people of one township may have some concern and interest in the highways of a contiguous township. The residents of one portion of a township may be more concerned in the condition of the highways in the adjoining township than in the highways in other portions of the township in which they reside.

Each township in a county is a part of the taxing district consisting of the entire county, for the purpose of keeping the free pikes in repair. One township which may have no improved roads is taxed for the maintenance of such roads in adjoining townships. Incorporated towns and cities pay tax to repair the free pikes in the same county, although the proceeds of such tax levy are expended without their corporate limits, and they maintain their own streets. This tax has been held to be constitutional. *Byram v. Board, etc.*, 145 Ind. 240, 33 L. R. A. 476; *Road v. Yeager*, 104 Ind. 195. It is said in Cooley, Taxation, 113: "Taxing districts may be as numerous as the purposes for which taxes are levied. The district for a single highway may not be the same as that for the schoolhouse located upon it. It is not essential that the political districts of the state shall be the same as the taxing districts, but special districts may be established for special purposes, wholly ignoring the political divisions. * * * The political divisions of the state are necessarily regarded in taxation only where the tax itself is for a purpose specially pertaining to one of them in its political capacity, so that, as already stated, the nature of the tax will determine the district." *Gilson v. Board, etc.*, 128 Ind. 65, 71, 72, 11 L. R. A. 835; *Board, etc., v. Harrell*, 147 Ind. 500, 504, 505.

The taxing district may be one or more townships of the county, and it is clear from the language used that it is sufficient if the petition be signed by fifty or more freeholders of the taxing district, whether the same is composed of one township or more. "Moreover, it is a settled

rule of statutory construction that when a statute or a part of a statute has been construed by the courts of the State and the same is substantially reënacted, the legislature adopts such construction, unless the contrary is clearly shown by the language of the act." *Board, etc.,* v. *Conner,* 155 Ind. 484, 496, and authorities cited. The act of 1889 (Acts 1889, p. 276, §6953 Burns 1901), in regard to the purchase of toll roads, provides "that the county commissioners of any county of this State, when petitioned therefor by fifty freeholders, citizens of any township or townships in such county where said toll road is located, shall submit to the voters of said township or townships in such county through which such road may pass." In *Gilson* v. *Board, etc., supra,* decided April 5, 1891, the taxing district was composed of three townships, and the petition was signed by fifty freeholders, citizens of said townships composing the taxing district, and the court held that the petition was joint, and the election was joint as to all the townships composing the taxing district, and sustained the proceeding. The acts under which this proceeding was brought (Acts 1893, pp. 196-200, Acts 1895, pp. 143-148, Acts 1899, pp. 128-130) were enacted after the case of *Gilson* v. *Board, etc., supra,* was decided; and it will be observed that the parts of the first section thereof, heretofore set out, in regard to the number of persons who must sign the petition, and to the taxing district, are substantially the same as those of the act of 1889, above set out on that subject. It follows, therefor, even if we were in doubt as to the proper construction of the act of 1893, and the amendments thereof on this subject, we would be required, under the rule stated, to adopt the construction given in *Gilson* v. *Board, etc., supra.*

The three copies of the petition filed in this case were properly treated as one petition by the court below. *Gifford* v. *Baker,* 158 Ind. 339, 343, and cases cited; *Flynn* v. *Taylor,* 145 Ind. 533, 536, 537.

It is insisted by appellants that the board of commissioners has no power in a proceeding under said act of 1893, *supra,* as amended by the acts of 1895 and 1899, *supra,* to establish and open a new highway and improve the same; citing *Crow* v. *Judy,* 139 Ind. 562. The case of *Crow* v. *Judy* was under the act of 1877 (Acts 1877, p. 82, §§5091-5103 R. S. 1881), which authorized boards of commissioners "to lay out, construct, or improve, by straightening, grading, draining (in any direction required to reach the most convenient and sufficient outlet), paving, graveling, or macadamizing any state or county road, or any part of such road, within their respective counties." This court held in said case that a new road could not be established and improved under said act except for the purpose of shortening or straightening the old road or for the purpose of drainage; citing *Gipson* v. *Heath,* 98 Ind. 100. It was held in said case of *Gipson* v. *Heath* that the act of 1877, *supra,* authorized a road to be laid out on new ground when necessary "for the purpose of straightening or shortening and straightening the old road, or for the purpose of straightening and obtaining a better route." Said act of 1893, as amended by the acts of 1895 and 1899, makes provision for the viewing, location, and determination of the width of roads and their improvement (Acts 1899, *supra),* and also provides that "if any part of the road or roads is to be new road or roads, they shall be described with a definiteness as will enable any practical land surveyor to locate them." It is evident that said act authorizes the improvement of roads, and that, in connection with the improvement of roads already established, new roads, if of public utility, may be established and improved. It follows that said three questions were properly answered in the affirmative.

Judgment affirmed.