## THE STATE *v.* DORSEY.

[No. 20,773. Filed October 12, 1906.]

1. HIGHWAYS.—*Gravel Roads.—Construction.—Bids.—Boards of Commissioners.—Statutes.*—Boards of commissioners are authorized to give notice and receive bids for the construction of free gravel roads by §6901 Burns 1901, Acts 1901, p. 449, §3, and not by §5594q1 Burns 1901, Acts 1899, p. 343, §37, providing that certain specifications shall be filed in the auditor's office and that certain notices shall be given before boards of commissioners shall let contracts for the construction of any public undertaking. p. 202.

2. STATUTES. — *Construction. — Reënactment.—Presumptions.*— Where a statute which is given a certain construction by the Supreme Court is substantially reënacted, the presumption is

that such construction was carried into the new statute; and it will be so construed in the absence of words indicating a contrary intent. p. 203.

3. HIGHWAYS.—*Gravel Roads.*—*Construction.*—*County Work.*— *Statutes.*—Under the act of 1877 (Acts 1877 [s. s.], p. 29, §1, §4246 R. S. 1881) it was uniformly held that the boards of commissioners, in the construction of free gravel roads, were engaged in a county business. p. 203.

4. SAME.—*Gravel Roads.*—*Construction.*—*County Work.*—*Statutes.*—Under §5592 Burns 1901, Acts 1899, p. 170, §4, boards of county commissioners, in the construction of free gravel roads, are engaged in a county business. p. 204.

5. CONSTITUTIONAL LAW.—*Statutes.*—*Titles.*—*Gravel Roads.*— *Construction.*—*Bids.*—*Affidavits of Non-Collusion.*—The title of the act of 1899 (Acts 1899, p. 170), providing for the "letting of contracts for the building of court-houses, jails, county or township buildings, bridges, and monuments," does not cover a provision in such act requiring contractors for the construction of free gravel roads to file affidavits of non-collusion, since the construction of such roads is not provided for in such title, nor is it a "matter properly connected therewith," as required by article 4, §19, of the Constitution. p. 204.

6. INDICTMENT AND INFORMATION. — *Perjury. — Highways. — Gravel Roads.*—*Bids.*—*Affidavits of Non-Collusion.*—An indictment charging that defendant committed perjury under §2093 Burns 1901, §2006 R. S. 1881, providing that a party making a false affidavit in any proceeding where an affidavit is required by law, shall be guilty of perjury, by the filing of his false affidavit of non-collusion with his bid for the construction of a free gravel road, is bad, since no such affidavit is required by law in such a case. p. 204.

From Vigo Circuit Court; *James E. Piety,* Judge.

Prosecution by the State of Indiana against William C. Dorsey. From a judgment for defendant, the State appeals. *Affirmed.*

*Charles W. Miller,* Attorney-General, *W. C. Geake* and *James A. Cooper,* Prosecuting Attorney, for the State.

*Samuel R. Hamill,* for appellee.

MONKS, J.—Appellee was charged by indictment with the crime of perjury, in making an affidavit required by

law, in violation of §2093 Burns 1901, §2006 R. S. 1881. The indictment was in nine counts, each of which, on motion of the appellee, was quashed. Final judgment was rendered in his favor.

The assignment of errors calls in question the action of the court in sustaining the motion to quash as to each count of the indictment.

Each count charged that the alleged perjury was committed by the appellee in making an affidavit of non-collusion, as required by the law of the State, as bidder for the construction of a free gravel road, under the act of 1901 (Acts 1901, p. 449, §§6899-6913 Burns 1901) and the act amending the same (Acts 1903, p. 294), in a proceeding before the Board of Commissioners of the County of Vigo, State of Indiana. It is claimed by the State that the affidavit made by appellee was required by the provisions of sections thirty-seven and forty-two of the act entitled: "An act concerning county business," commonly called the county reform act. Acts 1899, p. 343, §§5594q1, 5594v1 Burns 1901.

Section 5594q1, *supra,* provides that "in all cases in which the board of commissioners are now or may hereafter be authorized by law to contract for the execution of any public undertaking" said board shall, among other things, cause proper plans, models, etc., of the proposed work to be prepared and filed in the office of the auditor of the county, and cause notice to be given inviting sealed proposals for doing such work. If the cost of the work does not exceed $2,000, such notice shall be published once each week in two newspapers published in the county, but if the cost of such work exceeds $2,000, such publication shall be for two weeks in such newspapers; and it also provides: "Further publication may also be made when deemed for the public interest."

Section 5594v1, *supra,* provides: "In all cases where any county officer is authorized by this act to receive bids

for any purpose, each bidder shall file with his bid an affidavit that he has not entered into any combination, collusion or agreement with any person relative to the price to be bid by any one at such letting, nor to prevent any person from bidding, nor to induce any one to refrain from bidding, and that his bid is made without reference to any other bid and without any agreement, understanding or combination with any other person in reference to such bidding. The officer or officers receiving such bids for the purpose of such letting, shall reject any collusive bid, if such collusion shall come to his or their notice before the letting. If the same shall come to his or their notice after the letting, and it shall appear that the successful bidder has been guilty of such collusion as is herein required to be denied in such affidavit, such successful bidder shall forfeit his contract and the same shall be relet."

It will be observed that §5594v1, *supra,* only requires the affidavit of non-collusion mentioned therein in cases "where any county officer is authorized by this act 1. to receive bids for any purpose." There is nothing in §5594q1, *supra,* which authorizes the board of county commissioners to receive bids. That section provides only for the kind of notice that shall be given asking for bids, and as to the filing of plans and specifications, etc., in the auditor's office. Boards of commissioners were authorized to receive bids for the construction of gravel roads under section three of said act of 1901 (§6901, *supra*), and not by section thirty-seven of the county reform act, as claimed by the State. Section 5592 Burns 1901, Acts 1899, p. 170, §4, provides that "no bid for the building or repairing of any court-house, jail, poor asylum, bridge or other county building or work shall be received or entertained by the board of commissioners of any county in this State, unless such bids shall be accompanied by an affidavit" of non-collusion, and a bond for the faithful per-

formance and execution of said work and the payment of all debts incurred by the contractor in the prosecution of said work.

This section was, with the exception of the affidavit of non-collusion, a substantial reënactment of section one of the act approved March 14, 1877 (Acts 1877 [s. s.], p. 29, §4246 R. S. 1881). The last-named act provided that "no bid for the building or repairing of any court-house, jail, poor asylum, bridge, fence, or other county building or work·shall be received or entertained by the board of commissioners of any county of this State, unless such bid shall be accompanied by a good and sufficient bond," etc.

It is a settled rule of statutory construction that when a statute or a part of a statute has been construed by the court of last resort in a state, and the same is substantially reënacted, the legislature adopts such construction unless the contrary is shown by the language of the act. *Board, etc., v. Conner* (1900), 155 Ind. 484, 496, and authorities cited; *Brown v. Miller* (1904), 162 Ind. 684, 686, 687; *National Supply Co. v. Stranahan* (1904), 161 Ind. 602, 608; *Jarvis v. Hitch* (1903), 161 Ind. 217, 219-222; *Desgain v. Wessner* (1903), 161 Ind. 205-207; *Thacker v. Chicago, etc., R. Co.* (1902), 159 Ind. 82, 89, 90, 59 L. R. A. 792, and cases cited.

It was uniformly held by this court before the enactment of said section four of the act of 1899 (§5592 Burns 1901) that the board of commissioners, in constructing a free gravel road under the laws of this State, was engaged in a county work within the meaning of section one of the act of March 14, 1877, *supra.* *State, ex rel., v. Sullivan* (1881), 74 Ind. 121, 124-126; *Dewey v. State, ex rel.* (1883), 91 Ind. 173, 181; *Faurote v. State, ex rel.* (1887), 110 Ind. 463, 465, 466.

It is evident under the authorities cited that the construction given the act of 1877, *supra,* in *State, ex rel., v. Sulli-*

*van, supra,* and other cases decided before said sec-

4. tion four of the act of 1899 (§5592, *supra)* was passed, was adopted by the legislature in adopting said last-named section.

An examination of the title of said act of 1899 discloses the fact that the safeguards provided by said act, as ex-

5. pressed by said title, apply only to the "letting of contracts for the building of court-houses, jails, county or township buildings, bridges, and monuments."

It is clear that while the construction of free gravel roads by boards of commissioners, under the laws of this State, is a "county work," yet such work is neither the building of a court-house, jail, county or township building, bridge or monument, and does not come within the meaning of any of the kinds of work mentioned in said title, nor is it a "matter properly connected therewith." Any provision, therefore, in said section four of said act requiring an affidavit and bond from a bidder before filing his bid for any other county work than that mentioned in said title, is void under §19, article 4, of the state Constitution. It follows that the part of said section four which requires the affidavit of non-collusion and bond from bidders for the construction of "county work," which, as we have shown, includes the construction of free gravel roads, is void because the subject thereof is not expressed in the title, nor is it a "matter properly connected therewith," as required by said section of the state Constitution. *Mewherter* v. *Price* (1858), 11 Ind. 199; *Dixon* v. *Poe* (1902), 159 Ind. 492, 494, 495, 60 L. R. A. 308, 95 Am. St. 309; *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 92, 66 L. R. A. 95, 106 Am. St. 201.

It is evident that the affidavit of non-collusion filed by appellee was not required by law, and that the court

6. did not err in sustaining the motion to quash the same.

Judgment affirmed.