BETTENBROCK ET AL. v. MILLER ET AL.

[No. 22,901. Filed May 12, 1916. Rehearing denied November 24, 1916.]

1. HIGHWAYS.—*Repairing.*—The restoration of a road to its original grades and specifications by the use of the same material with which it was originally improved may properly be regarded as repair work. p. 603.

2. HIGHWAYS. — *Improvement.* — *Repairs.* — *Reconstruction.*—Resurfacing a highway with material entirely different from that used in the original improvement cannot be done under the guise of repair work, since such work would be one of reconstruction and not of repair. p. 603.

3. MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Continuing Power.*—The power of a city to improve its streets at the expense of abutting property is not exhausted by a single exercise of such power, but it is a continuing power which may be exercised as often as necessity requires. p. 604.

4. HIGHWAYS.—*Improvement.*—*Power to Reimprove.*—*Statute.*—The power conferred on the boards of county commissioners of the several counties of the state by the act of 1905 concerning highways (Acts 1905 p. 521, §7711a Burns 1914) to improve by grading, draining and paving any new or established highway is a continuing power to be exercised as often as necessity might require, and it was sufficient to authorize a second or subsequent improvement of a highway under the provisions of such act, even though the power was not granted in express terms. pp. 604, 607.

5. STATUTES.—*Construction by Legislature.*—A construction of a statute by the legislature, if clearly indicated by subsequent enactments, whether valid or not, will be given consideration. p. 605.

6. STATUTES.—*Construction by Legislature.*—If subsequent expressions by the legislature are not so clear and unequivocal as to leave the legislative construction of a prior act free from doubt, it will be given little effect. p. 605.

7. STATUTES.—*Construction.*—*Language Used.*—The meaning of a statute must be gathered from the language of the act, since that is the expression of the legislative will. p. 606.

8. STATUTES.—*Construction.*—*Intention.*—*Subsequent Legislation.*— The intention or will which the court seeks to ascertain and follow in construing an act is that of the legislature which passed it, and not that of any subsequent legislature. p. 606.

9. STATUTES.—*Construction.*—*Embodying Construction in Act.*—A legislature may embody in an act passed a construction of its meaning, and such construction is binding on the courts because it forms part of the statute as enacted, and makes clear the intent of the legislature which passed it. p. 606.

10. STATUTES.—*Construction.*—*Subsequent Legislation.*—The expression of the opinion of a subsequent legislature as to the proper construction of a statute passed by a previous legislature is of no judicial force. p. 606.

11. CONSTITUTIONAL LAW.—*Distribution of Powers.*—*Judicial Powers.*—The legislature possesses no judicial power, as this power is vested exclusively in the courts of the state. p. 607.

12. STATUTES.—*Construction.*—*Subsequent Legislation.*—*Duty of Courts.*—The courts are charged finally with the responsibility of construing doubtful statutes, and they should not be controlled in the discharge of that important function by a legislative construction which in their judgment does not accord with the meaning expressed by the language of the act. p. 607.

13. PLEADING.—*Demurrer.*—*Admission as to Facts Pleaded.*—By refusing to amend or plead further after a demurrer was sustained to their answer, defendants admitted the facts well pleaded in the complaint, and the trial court had a right to treat such allegations as true, and they will be so treated on appeal. p. 607.

14. PLEADING.—*Defects.*—*Aider by Judgment.*—*Presumption.*— Where the sufficiency of a pleading is not questioned until after final judgment, every reasonable presumption will be indulged in its favor, and, if the defect could have been cured by amendment, such amendment will be deemed to have been made. p. 608.

15. HIGHWAYS.—*Improvements.*—*Election.*—*Powers of Board of Commissioners.*—*Statute.*—Under the act of 1905 (Acts 1905 p. 521, §7711 *et seq.* Burns 1914) concerning the subject of highways, the board of county commissioners is vested with a discretion in determining whether the question of making a proposed highway improvement less than three miles in length shall be submitted to an election of the voters of the townships affected. p. 608.

From Jackson Circuit Court; *John H. Edwards,* Special Judge.

Proceedings for the improvement of a highway on the petition of Fred E. Miller and others in which John H. Bettenbrock and others appeared and answered. From the judgment rendered, the defendants appeal. *A firmed.*

*Montgomery & Montgomery,* for appellants.

*E. P. Elsner* and *Kochenour & Prince,* for appellees

LAIRY, J.—At the February term of the board of commissioners of Jackson county, appellees presented a petition for the improvement of a highway

in Jackson township alleging that the proposed improvement was less than three miles in length and that more than fifty of the signers of the petition were freeholders and voters of said township. An engineer and viewers were appointed who afterward filed a report finding that the work proposed was one of public utility and recommending that it be done according to the plans and specifications embodied in the report. The report provided that the highway should be improved by paving the same to a width of sixteen feet with concrete at an expense of $28,263.26.

After this report was filed, appellants appeared before the board of commissioners at the August term and filed an answer in which it was averred, in substance, that the portion of the highway sought to be improved by this proceeding had been graded, graveled and improved at the expense of the taxpayers of Jackson township prior to the filing of the petition in this proceeding and that such prior improvement was made under an order of the board of commissioners of Jackson county on petition of the voters, and after an election to determine the will of the people as to such improvement had been held by the voters of that township. It was further alleged that the former improvement was completed and accepted by the board of commissioners of the county before the petition in this proceeding was filed and that it then became and still was a part of the free gravel road system of Jackson county, which the law requires shall be kept in repair by the entire county by means of a tax to be levied for that purpose.

Appellees filed a demurrer to this answer which the board of commissioners sustained, after which judgment was entered ordering the improvement

Bettenbrock *v.* Miller—185 Ind. 600.

constructed as proposed. On appeal to the circuit court the demurrer to this answer was again presented and sustained, upon which appellants elected to stand on their answer, and judgment was rendered in favor of appellees.

It is the position of appellants that the board of commissioners of a county had no power or authority under the statute, prior to the taking effect of the acts of 1915, to entertain any petition or to make any order for the second or other subsequent improvement of a highway which had already been improved as a free gravel road under the statute of the state. Appellants assert that when a road has once been improved and accepted as a part of the free gravel road system of the county it must be maintained at the expense of the taxpayers of the entire county as provided by the statutes on the subject of the repair of free gravel roads, and that for this reason the statute did not contemplate that such a road should be repaired, resurfaced or reimproved at the sole expense of the taxpayers of the township in which it is located.

A distinction must be observed, however, between the repair of a public improvement of this kind and a reconstruction. If it were the purpose of

1. this proceeding to restore the road to its original grades and specifications by the use of the same material with which it was originally improved, the work so contemplated might be properly regarded as repair; but this proceeding contemplates a reimprovement of the highway with material entirely different from that used in

2. the original improvement. Such a road could not properly be made at the expense of the entire county under the guise of repairs. Resurfacing a highway with a different material is not a repair

but a reconstruction. Elliott, Roads and Streets (3d ed.) §577. The power of a city to improve its streets at the expense of abutting property is not exhausted by a single exercise of such power, but it is a continuing power which may be exercised as often as necessity requires. *City of Kokomo* v. *Mahan* (1885), 100 Ind. 242; Elliott, Roads and Streets (2d ed.) §460.

The power to improve highways, by draining, grading and paving with stone, gravel or other road-paving material, was conferred on boards of commissioners of the several counties by §62 of an act concerning highways, approved March 8, 1905 (Acts 1905 p. 521, §7711 Burns 1908). The power thus granted extended to any new highway or to any highway already established, and by other sections of the act provisions were made for paying the cost of such improvements by the levy of a tax against the property of the township in which the improvement was made. In the absence of anything to indicate an intention to the contrary, there could be little doubt that the power thus conferred was intended to be a continuing one which could be exercised as often as necessity might require. In the case of *Evans* v. *West* (1894), 138 Ind. 621, 38 N. E. 65, it was said: "A public drain may be established over the line of another drain, *Meranda* v. *Spurlin*, 100 Ind. 380; *Denton* v. *Thompson*, 136 Ind. 446, and no sufficient reason has been given why a gravel road may not be treated in like manner." This language was used in the decision of a case involving the construction of a free gravel road under §6855 Burns 1894, §5091 R. S. 1881, which covered a part of a highway previously improved.

The powers conferred by §62 of the act of 1905, *supra*, were clearly sufficient to authorize a second

or subsequent improvement of a highway under the provisions of that act, but the power was not granted in express terms. The legislature of 1913 attempted to amend this section by an act approved March 14, 1913, by which act power to reimprove highways was expressly granted (Acts 1913 p. 690); but this act was held ineffective for the reason that an act with an emergency clause approved one day later, which also amended the same section, became effective before the act approved on March 14. (Acts 1913 p. 914, §7711a Burns 1914.) *Metsker* v. *Whitsell* (1913), 181 Ind. 126, 103 N. E. 1078.

In 1915, §1 of the act approved March 15, 1913, was so amended as to grant express power to boards of commissioners to reimprove highways under the provisions of the act. Acts 1915 p. 680. Appellant claims that this subsequent legislation amounted to a recognition on the part of the general assembly that the power subsequently conferred was not granted by §62 of the act of 1905, and the court is urged to adopt this construction.

A construction of a statute by the legislature, if clearly indicated by subsequent enactments, whether valid or not, will be given consideration by the courts. 36 Cyc 1142. If, however, such subsequent expressions are not so clear and unequivocal as to leave the legislative construction free from doubt it will be given little effect. *State* v. *Lancashire Fire Ins. Co.* (1899), 66 Ark. 466, 51 S. W. 633, 45 L. R. A. 348.

It may be that the legislature of 1913, in its attempt to so amend the act as to clearly and expressly grant the power to reimprove highways, acted on the assumption that such power was not conferred by the former statute; and that the

legislature of 1915 acted on the same assumption when it amended the act approved March 15, 1913, in such a way as to clearly confer the power to reconstruct highways under the provisions of the statute of which this section forms a part. It is equally probable, however, that these amendments were introduced and passed not upon the supposition that the power in question was not conferred by the statutes formerly passed, but for the purpose of removing any doubt which might arise as to the existence of such power. Prior to the amendments mentioned the statute was open to construction in this respect, and it had not been construed by this court. The legislature, probably, intended to make certain by express enactment what might otherwise be doubtful. *Village, etc.* v. *Knopf* (1904), 210 Ill. 453, 71 N. E. 340. However this may be, it must still be borne in mind that the meaning of a statute must be gathered from the language of the act, for that is the expression of the legislative will, and that the intention or will which the court seeks to ascertain and follow in construing an act, is that of the legislature which passed it, and not that of any subsequent legislature. *Bingham* v. *Board, etc.* (1863), 8 Minn. 441. A legislature may embody in an act passed a construction of its meaning and such construction is binding on the courts because the construction forms a part of the statute as enacted, and makes clear the intent of the legislature which passed it; but, the expression of the opinion of a subsequent legislature as to the proper construction of a statute passed by previous legislature is of no judicial force. *Taylor* v. *State, ex rel.* (1906), 168 Ind. 294, 80 N. E. 849; *Frey* v. *Michie* (1888), 68 Mich. 323,

36 N. W. 184. It need scarcely be said that the legislature possesses no judicial power, as this power is vested exclusively in the courts of the state. The courts are charged finally with the responsibility of construing doubtful statutes, and they should not be controlled in the discharge of that important function by a legislative construction which in their judgment does not accord with the meaning expressed by the language of the act. *Deutschman* v. *Town of Charlestown* (1872), 40 Ind. 449; *Bingham* v. *Board*, *supra; Dash* v. *Van Kleeck* (1811), 7 Johnson (N.Y.) 477, 5 Am. Dec. 291; *Ingalls* v. *Cole* (1860), 47 Me. 530; 26 Am. and Eng. Ency. Law 637; 36 Cyc 1143.

Boards of commissioners had power to order the reconstruction or reimprovement of highways under §62 of the act of 1905, *supra*, so long as it remained in force, and they were not deprived of this power by any subsequent statute or amendment. There was no error in sustaining the demurrer to appellants answer.

The second assignment of error questions the action of the trial court in rendering judgment without requiring proof that the proposed improvement was less than three miles in length and that it connected at each end with an improved road, or that it formed a connection between an improved highway and a township line or the corporate limits of a city or town. By refusing to amend or plead further after the demurrer was sustained to their answer, appellants admitted the facts well pleaded in the complaint. The trial court had a right to treat the allegations of the complaint as true and they will be so treated on appeal. The attention of this court is called to the fact that the petition does not allege that the Ruddick road, with which the proposed improvement connects at

its eastern terminus, is an improved highway. The sufficiency of the petition was not questioned in the trial court and it cannot be presented on appeal. Where the sufficiency of a pleading is not questioned until after final judgment, every reasonable presumption will be indulged in its favor, and if the defect could have been cured by amendment, such amendment will be deemed to have been made.

Appellant moved the court to amend and modify the judgment so as to require that the question of making the proposed improvement be submitted to an election of the voters of Jackson township. The court did not err in overruling this motion. Under the statute the board of commissioners is vested with a discretion in determining whether or not this question shall be submitted to an election where the proposed improvement is less than three miles in length. If the court has power to review this discretion in any case, no such abuse is shown here as would warrant interference.

The trial court committed no reversible error. Judgment affirmed.

Morris, C. J., dissents.

## DISSENTING OPINION.

MORRIS, C. J.—I think the circuit court erred in sustaining the demurrer to appellant's answer. The petition for the reimprovement was filed under §62 of the highway act of 1905, as amended by the act of March 15, 1913. Acts 1913 p. 914, §7711a Burns 1914. Neither before nor after the amendment of 1913 did said §62 contain express mention of the subject of rebuilding, or of reimprovement. By an act approved March 14, 1913, purporting to amend said §62 of the highway act of 1905 (Acts 1913 p. 690, §7711 Burns 1914), express provision

was made for rebuilding of improved highways, but this act was held invalid in *Metsker* v. *Whitsell* (1913), 181 Ind. 126, 103 N. E. 1078. However, legislative intent may be shown by an invalid enactment. *Board* v. *State, ex rel.* (1916), 184 Ind. 418, 111 N. E. 417. The purpose of judicial construction of statutes is to ascertain the legislative intent, and when determined such purpose must be given effect.

It often happens that legislatures in amendatory or supplemental enactments attempt to construe and declare the scope and meaning of previous enactments. Such construction as to past transactions is not binding on the courts, but as to future ones may be controlling. Lewis' Southerland, Stat. Const. (2d ed.) §358; *Dequindre* v. *Williams* (1869), 31 Ind. 444, 450; *McCleary* v. *Babcock* (1907), 169 Ind. 228, 238, 82 N. E. 453; *State, ex rel.* v. *Harrison* (1888), 116 Ind. 300, 19 N. E. 146; Sedgwick, Stat. and Const. Laws 252; Endlich, Int. Stat. §365.

Previous to 1913, §62 of the highway act of 1905 was probably of doubtful meaning in regard to the question of rebuilding improved roads, but, in my opinion, when the legislature of 1913 by the attempt to amend the section by its (invalid) act approved March 14, 1913, *supra*, made express provision for rebuilding, it thereby construed the existing law as forbidding such work. The amendment approved on the following day (March 15, 1913) and under which this petition was filed, omits, like the original §62 adopted in 1905 any mention of rebuilding or reimprovement. Consequently, we have here, not the mere interpretation of the words of the act of March 15, 1913, *supra*, but the interpretation of the act in the light of the construction

placed on the original section by the same general assembly. I think the legislature did in effect construe the law and that such construction should govern here.

On March 11, 1915, the legislature again amended said §62, by which reimprovement is authorized. Acts 1915 p. 680. When that amendment was made the action here was pending in the court below, and because of the last proviso in the act, it did not affect or apply to pending actions, and consequently this case must be considered as though the legislature of 1915 had not acted on the subject. For the reasons stated, I am constrained to dissent from the majority opinion.

NOTE.—Reported in 112 N. E. 771.