## WAUGH v. BOARD OF COMMISSIONERS OF MONT-GOMERY COUNTY ET AL.

[No. 9,785.   Filed March 15, 1917.]

1. HIGHWAYS.—*Improvement Proceedings.—Collateral Attack.—*
—*Complaint.—Sufficiency.*—An action to have a judgment of the board of county commissioners ordering a road improvement declared void is a collateral attack on the judgment and proceedings, and, in such a case the complaint, to be sufficient, must not only show that the proceeding was irregular and the judgment unwarranted, but also that the judgment was absolutely void.  p. 134.

2. HIGHWAYS.—*Improvement.—Jurisdiction of Board of County Commissioners.*—Boards of county commissioners have exclusive original jurisdiction in all matters involving the establishment of highways in their respective counties.  p. 135.

3. COURTS.—*Jurisdiction of Subject-Matter.*—A court has jurisdiction of the subject-matter when it has jurisdiction of the class of cases in which the particular case belongs.  p. 135.

4. COURTS.—*Jurisdiction of Subject-Matter.—Determination.—Allegations of Pleading.*—Where a judgment is attacked collaterally, jurisdiction of the subject-matter depends upon the allegations of the pleading which invokes it and not upon the facts.  p. 135.

5. COURTS.—*Jurisdiction.—Power to Determine.*—Every court has power to determine its own jurisdiction, both of parties and of subject-matter.  p. 135.

6. HIGHWAYS.—*Improvement.—Order of Board of County Commissioners.—Conclusiveness.—Collateral Attack.*—Where it appears from the record of the board of county commissioners that its jurisdiction was invoked in a highway proceeding under §7712 Burns 1914, Acts 1905 p. 551, and that it was required to decide on facts essential to such jurisdiction, the board's judgment thereon is conclusive against collateral attack unless want of jurisdiction is apparent on the face of such record.  p. 135.

7. HIGHWAYS.—*Improvement Proceedings.—Action to Enjoin.—Sufficiency of Complaint.—Jurisdiction of Board of Commissioners.*—In a suit to enjoin the board of county commissioners from improving a road, a complaint containing general averments that the board did not have jurisdiction of the subject-matter is insufficient to show such want of jurisdiction where the record of the proceedings, as set forth in the complaint, shows that the petition for the improvement of the highway was sufficient to invoke the jurisdiction of the board, that it found the existence of all facts necessary to give it jurisdiction,

and that the entire proceeding was in substantial compliance with the requirements of the statutes, since, in such an action, the lack of jurisdiction must appear upon the face of the record and cannot be supplied by allegations contradictory thereto. p. 136.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by James M. Waugh against the Board of Commissioners of Montgomery county and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Chase Harding*, for appellant.

*Thomas & Foley, Kennedy & Kennedy* and *Johnston & Johnston*, for appellees.

HOTTEL, J.—This is an appeal from a judgment in favor of appellees in an action brought against them by appellant, in which he sought to have a certain judgment of appellee board of commissioners ordering a free gravel road improvement declared void and appellees enjoined from going ahead with the improvement therein ordered.

The complaint originally filed was superseded by an amended complaint in two paragraphs, the second of which was withdrawn, leaving an amended first paragraph, which will be hereinafter referred to as the complaint. A demurrer to this complaint was sustained and this ruling is here assigned as error and relied on for reversal. The complaint sets out in detail and in consecutive order the substance, or an exact copy, of the respective pleadings and files in said case, and the record of the proceedings had before said board. We indicate only those averments which disclose its theory and the infirmities which, appellant claims, make it vulnerable to the attack made upon it in the trial court. The averments which indicate its theory are to the following effect, viz.: Appellant is a taxpayer and voter of the township in which said highway is located, and is the

owner of taxable property therein which will be affected
by said proceeding, in that he will be liable for taxes
therefor; that said proceedings and judgment are wholly
void and of no effect for the following reasons: (1) Be-
cause the notice given therein of the filing of said peti-
tion, which the statute makes a necessary condition pre-
cedent to jurisdiction, was invalid and not sufficient to
confer jurisdiction over the persons, taxpayers and
voters, appellant included, who, under the law, were en-
titled to such notice.   (2) Because said board had no
jurisdiction of the subject-matter affected by its judg-
ment.   That the appellees are threatening to proceed
with said improvement and will cause great liability and
expense to appellant and other taxpayers unless en-
joined from so doing.   If appellant stands by and al-
lows said work to proceed, he will be thereby estopped
from contesting the validity of said proceeding or the
taxes levied, for which he will have no legal remedy,
etc.

The facts disclosed by the complaint affecting such
jurisdictional questions are, substantially, as follows:
On May 5, 1913, Albert D. Thomas and others, claim-
ing to be voters and freeholders of Union township,
said county, filed with the auditor of said county, their
petition for the improvement of a certain highway in
said county.   The petition, omitting caption and un-
necessary detail in description, and names of signers,
is as follows:

"To the Honorable Board   *   *   *
"The undersigned petitioners   *   *   *   show
*   *   *   that they are all resident freeholders and
voters of Union Township   *   *   *   that   *   *   *
(they) desire the improvement of a certain high-
way in said Township, described as follows, to wit:
"Beginning in the center of the Crawfordsville
and Greencastle free gravel road   *   *   *   run-
ning thence west approximately three hundred
*   *   *   feet along and upon the Crawfordsville and

Terre Haute road; thence in a southwesterly direction following said Crawfordsville and Terre Haute road as laid out, * * * thence proceeding in said * * * direction with said * * * road to the half section line * * * and ending at said half section line * * * on an improved free gravel road, being a distance approximately of two and nine-tenths * * * miles, all in Union township, * * *.

"* * * Petitioners respectfully ask your Honorable Body to improve said * * * highway by grading, draining and paving with stone, gravel, cement or other road paving material.

"* * * (They) further represent and show that said highway herein asked for to be improved *connects at each end thereof with a county free gravel road.* We recommend that the width of said highway be * * * forty * * * feet * * *.

"We * * * ask that an order be made for the improvement of said highway without first submitting the question of said improvement to the voters of said Township."

(Here follow the names of the signers—seventy-four in all.)

Said auditor endorsed the petition for hearing on June 3, 1913, and caused to be published and posted a notice setting forth a copy of the petition, which notice was as follows:

"Notice of presentation to the Board of Commissioners of Montgomery County, of Indiana, of a petition praying for the improvement of a public highway in Union Township, said county and state.

"Notice is hereby given to the freeholders and voters of Union Township, Montgomery County, Indiana, that Albert D. Thomas et al., has filed in the office of the Auditor of Montgomery County, Indiana, their petition addressed to the Board of Commissioners of said County, asking that a certain highway therein set out be graded, drained and paved with stone, gravel or other road paving material, and which petition is in the words and figures following, to wit:  (The above petition is here set out.)

"You are further notified that I have designated

the 3rd day of June, 1913, as the day when said petition will be presented to the Board of Commissioners * * *.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 6th day of May, 1913.          "Bennett B. Engle,
     "Auditor of Montgomery County, Indiana."

It is then averred that such notice was published on the 9th and 16th days of May, 1913, in the Crawfordsville Review, a *daily* newspaper; that the sheriff caused a copy of said notice to be posted at three livery stables in Crawfordsville, and one at the door of the courthouse in said city; that such was the only notice published or posted or in any way given of said proceedings; that a copy of said notice, together with a purported proof of publication thereof, was placed among the files of said proceedings in the office of the auditor, but such notice was not in fact filed and the purported proof thereof was not in fact sworn to; that the jurat of the auditor or of any other person was not attached thereto, and no proof of the publication was in fact made; that the purported proof of notice attached to the copy of said notice placed on file in the auditor's office was a partially printed and partially written statement in the words and figures following:

"PROOF OF PUBLICATION.
"State of Indiana, Montgomery County
     "Montgomery Circuit Court.
     "B. F. Merrell of lawful age, being duly sworn on his oath, says that he is manager of The Crawforsville Review, a newspaper of general circulation, printed and published in the county aforesaid, and that the notice of which the attached is a true copy, was duly published in said paper for 2 weeks successively, the first insertion of which was on the 9th day of May, 1913, and the last on the 16th day of May, 1913.     "B. F. Merrell.
     "Subscribed and sworn to before me this . . . . . day of . . . . . . . . . . . . . . . ., 191
          . . . . . . . . .    . . . . . . . . . . . . . . . . . ."

It is then averred that on June 3, 1913, said petitioners presented said petition to said board and offered proof that said petitioners were qualified voters and freeholders, etc., and said board, without any proof of the publication of said notice as required by law, assumed to take jurisdiction of said proceeding and attempted and pretended to make orders therein and to name viewers, and ordered that the improvement be made without the submission of the matter to the voters, etc.; that said board caused a record to be made of their proceedings, which record recites that said petitioners appeared in person and by their attorneys; that such petition was filed and that the auditor fixed the date of the hearing thereof, as above set out, and contains the following further recital:

"And said petitioners now file with said Auditor * * * and with said Board of Commissioners * * * and present to said Board of Commissioners proof of the publication and posting of the notice of the pendency of said petition, and of the time when the same would be presented to said Board * * * said proof setting forth a copy of said petition, which proof consists of several affidavits accompanied by an exact copy of said notice, which said notice reads in the words and figures as follows, to wit:

" 'Proof of Publication

" 'State of Indiana, Montgomery County.

" 'B. T. Merrell of lawful age, being duly sworn on his oath says that he is manager of the Crawfordsville Review, a newspaper of general circulation, printed and published in the county aforesaid, and that the notice, of which the attached is a true copy and marked Exhibit A was duly published for two weeks successively, the first insertion of which was on the 9th day of May, 1913, and the last on the 16th day of May, 1913.

"B. T. Merrell.

" 'Subscribed and sworn to before me this 28th day of May, 1913.    "Bennett B. Engle,

"Auditor of Montgomery County.' "

The complaint then avers that, following this copy of notice, the record recites that the "Sheriff, on May 7th, 1913, posted copies of said notice at three livery stables and at the door of the Court House, all in the city of Crawfordsville"; that no notice with the jurat of said auditor thereon was in fact filed and no proof of notice was filed; that the only paper presented in connection with said proof of publication was said unsworn statement before set out; that said record reciting that such notice and proof of notice was filed and setting forth that the same was sworn to on May 28, 1913, and that such jurat was signed by Bennett B. Engle, auditor, is in fact false; that thereupon said board attempted to order the construction of said improvements and to take the other steps contemplated by law and made a record of their proceedings. Such record entry is then set out, the parts affecting the question involved being as follows:

"And said petitioners by their attorneys, * * * now present to said Board of Commissioners their petition herein, a copy of which is set forth in said notice showing that there is an established highway in said Union Township along and over the following described route, to-wit:

"For description of route see description in 'Exhibit A.'

"*That said beginning point of said public highway is in the center of the Crawfordsville and Greencastle free gravel road* at the N. E. corner of S. 7, T. 18, R. 4, W., and *that the terminus thereof is* at the half section line of S. 24, *on an improved free gravel road,* in Union Township, * * * and said petition prays that part of said public highway set out in said petition be graded, drained and paved with stone or other paving material. And the said Board of Commissioners having heard the evidence introduced and having examined said petition and the endorsements thereon, and being in all things sufficiently advised in the premises, it

finds and adjudges that said petition was and is fully signed by fifty or more freeholders and legal voters of said * * * Township * * * that said petition was filed in the office of the Auditor * * * within thirty days of the hearing thereof as designated by an endorsement thereon by * * * said Auditor * * * at the time of the filing thereof. * * * That said Auditor did thereupon cause to be published in a *weekly* newspaper of general circulation, printed and published in the English language in said county, and of general circulation in said county, and to be posted in three or more public places within said * * * Township where said part of said highway is located, and one notice to be posted at the Court House door in said County, which notices set forth a copy of said petition and the day upon which the same would be presented to the said Board * * * and the said notice was duly signed by said Auditor * * * and was duly published for two consecutive weeks in two insertions in said newspaper aforesaid, immediately before said day of said hearing * * * and was duly posted as aforesaid fifteen days or more before the day so designated by said Auditor.

"That notice of said petition and the pendency thereof, and of the day so fixed for the hearing thereof has been duly made, given, published and posted.

"That said petition duly sets forth the beginning, course, termination and a general description of the highway and part thereof proposed to be improved, * * * together with a recommendation of the width * * * and of the character of the improvement to be made. ·

"*And said petition is hereby deemed, found, and adjudged by the Board* * * * *to be in due form and sufficient in substance.*

"It is further found and adjudged by the board * * * that said petition so filed and presented calls for the improvement of a road *less than three miles in length which connects a free gravel road within said* * * * *Township with another gravel road within said township.*

"That said petitioners are entitled to have an order made establishing and ordering the construction of said road and said improvement * * *

without submitting the question   *   *   *   to an election of the voters of said township.   *   *   *
"And the Board finds that more than fifty of the signers   *   *   *   are freeholders and legal voters of and in said township and that each and all of said signatures are genuine and that the Board further finds that the *matters and things set forth in said petition are true in substance and in fact.*" (Our italics.)

It is then averred, in effect, that said board was without jurisdiction for the reason that no notice of such petition and proceedings was published in a *weekly* newspaper of general circulation, printed and published in said county; that no notice of any kind was published for two weeks in a daily newspaper, or in any newspaper; that the highway sought to be improved is in fact part of an existing free gravel road in said county, extending from the northern terminus described in the petition, southwesterly for more than fifteen miles to the south line of said county; that the proposed improvement is in fact a portion of such highway less than three miles in length, all in said township and at no place departing from the line of the existing highway; that the southern terminus of the improvement proposed does not in fact connect with an improved free gravel or macadamized road or with a township boundary, or with the corporate limits or boundary of a city or town. There are averments that appellant did not learn of these proceedings until long after the order had been made.

In support of his contention that said judgment is void and of no effect, it is insisted by appellant: (1) That it is shown by the averments of the complaint that the statute requiring two weeks publication in a *weekly* newspaper was not complied with in that the only notice shown to have been published was published in a *daily* newspaper, and that the proof of such publication was

not made as the statute requires, in that the purported proof did not have attached to it the jurat of the auditor; that for this reason said board did not have jurisdiction of the person of appellant and other taxpayers affected by said proceeding.    (2) That the facts alleged show that the board did not have jurisdiction either of the subject-matter or of the parties, because both the petition and the notice show that the proposed improvement ends "on an improved free gravel road" and does not terminate as prescribed by §7719 Burns 1914, Acts 1913 p. 418; and because the petition and notice advised the taxpayers of a proposed "improvement," whereas the order and judgment provided for "rebuilding"; and because the notice did not advise the taxpayers of the statute under which the proceedings were to be conducted.    Appellant's main contention, however, stated in his own words, is as follows: "Has a Board of Commissioners jurisdiction,—a statutory authority,— to order and carry out the building of a concrete road over part of an existing free gravel road, without an election, where the project starting at one end of such existing road,—in this case admittedly a proper terminal point,—extends longitudinally along such existing road a distance just short of three miles and ends *on* such existing road, without meeting at such terminal a connecting road, township boundary or other proper connection provided by statute.    In other words can a part of the road connect with a part of itself and thereby meet the requirements of the statute."

In answer to appellant's contention, appellees insist, in effect: (1) That the objection that the proof of notice, alleged to be the only proof on file in said proceedings, shows upon its face that it was published in a *daily* newspaper, is obviated by §1346a Burns 1914, Acts 1913 p. 761, which provides, in effect, that in all cases where notice is required in connection with township or county

business, publication in either a daily or weekly news-paper will answer the requirements of the statute, it being further contended by appellees in this connection that a proceeding to improve a free gravel road is within the provisions of said act, citing *State* v. *Dorsey* (1906), 167 Ind. 199, 78 N. E. 843. (2) That the statute, §7715 Burns 1914, Acts 1905 p. 552, does not require written proof of either publication or posting of notice of the hearing of the petition, but only requires that the petitioners make proof of such publication and posting, and as affecting the character of the proof necessary or proper in such a case, citing *Bonnell* v. *Ray* (1880), 71 Ind. 141; *City of Bloomington* v. *Phelps* (1897), 149 Ind. 596, 49 N. E. 581; *Barber Asphalt, etc., Co.* v. *Edgerton* (1890), 125 Ind. 455, 25 N. E. 436; *McEneney* v. *Town of Sullivan* (1890), 125 Ind. 407, 25 N. E. 540. That §7712 Burns 1914, Acts 1905 p. 551, confers on the board of commissioners jurisdiction of the subject-matter in all proceedings for the establishment of highways and the improvement of gravel roads (citing *Todd* v. *Crail* [1906], 167 Ind. 48, 77 N. E. 402), and hence that such board has power and authority, on proper petition, to improve or to lay out and improve any highway, or to lay out and improve a part of a highway less than three miles long, without submitting the question to the voters of the township; and that this is so even though the part of the highway sought to be improved is merely a part—less than three miles—of an already improved highway more than three miles in length, citing *Brown* v. *Miller* (1904), 162 Ind. 684, 71 N. E. 122; *Davern* v. *Board* (1904), 34 Ind. App. 44, 72 N. E. 268; *Bettenbrook* v. *Miller* (1916), 185 Ind. 600, 112 N. E. 771; *Harman* v. *Gephart* (1909), 173 Ind. 391, 90 N. E. 890; *Smith* v. *Board* (1909), 173 Ind. 364, 90 N. E. 881; *Meranda* v. *Spurlin* (1885), 100

Ind. 380; *Denton* v. *Thompson* (1894), 126 Ind. 446, 35 N. E. 264.

If this were an appeal from the judgment rendered by said board, or a direct attack upon said judgment, the determination of the questions which we have just indicated as suggested by appellant would be both pertinent and necessary to a disposition of the appeal; but while such questions may be pertinent to that of the sufficiency of the complaint involved, their determination is not necessary to a correct disposition of the latter question. Such complaint, under the decisions of both courts of appeal of this State, must be treated as a collateral attack on such proceedings and judgment. *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E. 1102, 105 N. E. 936; *Harman* v. *Moore* (1887), 112 Ind. 221, 13 N. E. 718; *Cicero Tp.* v. *Picken* (1890), 122 Ind. 260, 23 N. E. 763. In such cases, the complaint must not only show that the proceeding was irregular and the judgment unwarranted, but it must show that such judgment is absolutely void. *Todd* v. *Crail, supra; Bailey* v. *Board* (1914), 57 Ind. App. 285, 107 N. E. 38; *Evans* v. *West* (1894), 138 Ind. 621, 625, 38 N. E. 65; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 677, 76 N. E. 331. Hence, as before stated, it is not necessary in this case that we go behind the facts affirmatively appearing from the record of the proceeding in which the judgment attacked was rendered, as set out in the complaint, to inquire whether the proceeding was regular and a correct conclusion reached. Such an inquiry is proper and necessary when the attack on the judgment involved is direct, but where, as here, the attack is collateral, the inquiry may stop as soon as it appears from the face of the record that a lack of jurisdiction is not shown. *Baltimore, etc., R. Co.* v. *Freeze* (1907), 169 Ind. 370, 375, 82 N. E. 761; *Hiatt* v.

*Town of Darlington* (1898), 152 Ind. 570, 53 N. E. 825; *Larimer* v. *Krau, supra; Brooks* v. *Morgan, supra.*

Does the record set out in appellant's brief show such lack of jurisdiction? As pertinent to this inquiry, appellees insist, and correctly so, that the following propositions of law are of controlling influence:

(1) Boards of commissioners have exclusive original jurisdiction in all matters involving the establishment or improvement of public highways of their respective counties. *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 30 N. E. 291; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 53 N. E. 285; *Todd* v. *Crail, supra.* A court has jurisdiction of the subject-matter when it has jurisdiction of the class of cases in which the particular case belongs. *Chicago, etc., R. Co.* v. *Sutton, supra; Larimer* v. *Krau, supra; Renard* v. *Grande* (1902), 29 Ind. App. 579, 64 N. E. 644. In cases of collateral attack upon a judgment, the question of the jurisdiction of the subject-matter depends upon the allegations of the pleading which invokes it and not upon the facts. *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *Van Fleet, Collateral Attack* §60, 73. Every court is clothed with authority to determine its own jurisdiction, both of parties and of subject-matter and, when it appears from the record of a court of inferior jurisdiction, such as a board of commissioners, that the jurisdiction of such tribunal was invoked in a given matter and that it was required to decide on facts essential to such jurisdiction, its judgment thereon is conclusive against collateral attack unless want of jurisdiction is apparent on the face of such record. *Evans* v. *West, supra; Stone* v. *Elliott, supra; Friebe* v. *Elder* (1913), 181 Ind. 597, 105 N. E. 151; *Baltimore, etc., R. Co.* v. *Freeze, supra; Hiatt* v. *Town of Darlington, su-*

pra; Larimer v. Krau, supra; Jones v. Leeds (1907), 41 Ind. App. 164, 83 N. E. 526; Brooks v. Morgan, supra.

The petition for the improvement of the highway in question, set out in the complaint, was entirely sufficient to invoke the jurisdiction of said board over the subject-matter involved in the judgment appealed from, and the board not only assumed jurisdiction of said proceeding but expressly found the existence of all the facts necessary to give it jurisdiction. And while the complaint alleges that the statement, unsworn to, found among the files and purporting to show publication of notice in a *daily* newspaper, was the only paper presented in connection with said proof of notice, the record entry set out in said complaint expressly shows the contrary. The same is true with reference to appellant's third and main contention, indicated *supra*. While the complaint contains averments which if supported by the record would present his contention, the petition set out in the complaint shows no such facts; but, on the contrary, shows that the road sought to be improved connects at either end with a free gravel road, and both the finding and judgment of the board is to the same effect. Indeed, the record set out in appellant's complaint, which we have indicated *supra*, covers every step in said proceeding and shows them to be in substantial compliance with the requirements of the statute, and nothing appears on the face of such record showing the contrary. As before stated, the lack of jurisdiction must appear on the face of the record and cannot be supplied by allegations of the pleader inconsistent with and contradicting the record.

It follows under all the more recent decisions of the Supreme Court and of this court above cited that said judgment is not subject to the collateral attack here made, and hence, that the demurrer to the complaint was properly sustained. Judgment affirmed.

NOTE.—Reported in 115 N. E. 356. Injunction against laying out street or highway, 99 Am. St. 744. See under (3) 15 C. J. 734, 11 Cyc 669; (4) 15 C. J. 850, 11 Cyc 700; (5) 15 C. J. 851, 11 Cyc 701; (6) 15 C. J. 472, 11 Cyc 405.